MILWAUKEE LOAN & FINANCE COMPANY, Respondent, vs.
GRUNDT and wife, imp., Appellants (ESCHENBURG, In-
terpleaded Defendant and Respondent).

*March 8—April 5, 1932.*

*Max P. Kufalk* of Milwaukee, for the appellants.

For the respondent Milwaukee Loan & Finance Company there was a brief by *Mayer, Wilde & Haertle,* attorneys (*Walter F. Mayer* of counsel), and *Friedrich & Hackbarth,* attorneys for the interpleaded defendant and respondent Louis Eschenburg, all of Milwaukee, and oral argument by *Mr. Mayer.*

FAIRCHILD, J. Whether or not a merger of estates has taken place is to be determined by the interest and intention of the parties and the substantial justice of the case. Appellants sold the premises to Manthei, who, in turn, contracted with the respondents for certain work on the buildings on the land. Upon Manthei's failure to pay, liens were duly filed. Thereafter appellants accepted a quitclaim deed from Manthei retaining what had been paid and releasing Manthei from further obligations to them. The appellants had no actual knowledge of the existence of these liens until after the quitclaim deed had been accepted. Thus appellants, while owners of the fee to the property, acquired the equity held by Manthei, which equitable interest was subject to liens in favor of the respondents.

In many cases a person may acquire an election as to the manner in which he may claim the title by which he may hold an estate, or the law may permit his holding two titles. Where an equitable and a legal title reach the same person after some other interest has attached itself to the equitable estate, a merger is not presumed. It is then so clearly in the interest of the owner of the fee not to have a merger that the policy of the law is to keep the estates distinct. Here the rights of the respondents have intervened between the contract given to Manthei and the rights of the appellants, and an intention to merge the estates must be made to appear or it will be presumed that no merger was intended by the owner of the fee accepting from the vendee under the land contract the reconveyance. This doctrine has been applied

in the decisions of this court since as early as *Morgan v. Hammett,* 34 Wis. 512. It is recognized also in *Scott v. Webster,* 44 Wis. 185; *Scheuer v. Chloupek,* 130 Wis. 72, 109 N. W. 1035; *Bahrs v. Kottke,* 192 Wis. 642, 212 N. W. 292. In the last case, which arose because a mechanic's lien had been filed against an equitable interest taken over by the owner of the first mortgage under circumstances somewhat similar to those involved in this case, the court said:

"The great weight of authority is to the effect that a deed from the mortgagor to the mortgagee in satisfaction of the mortgage debt will not merge title to defeat the senior incumbrance in favor of a junior incumbrance. . . . Appellants did not know of the lien claim of the respondent and could not have had any actual intent to take such title subject to the junior incumbrance."

See, also, *Carisch v. Lund,* 195 Wis. 488, 218 N. W. 826.

Respondents' lien rights against the equitable estate of Manthei are not destroyed by the agreement between Manthei and appellants, but their efforts to realize on these claims must be confined to the actual interest which Manthei had at the time of the rendering of the services, and this, of course, permits the following of the equitable estate, which, for the purposes of protecting the respondents and appellants, is kept separate from the legal estate. A study of the cases referred to by both appellants and respondents, such as *Boyd v. Blake,* 42 Minn. 1, 43 N. W. 485, and *Salzer Lumber Co. v. Claflin,* 16 N. Dak. 601, 113 N. W. 1036, gives us the impression that they support the rule which has been repeatedly set forth in the Wisconsin cases referred to.

With the presumption in favor of the appellants on the direct proposition involved, the conclusion of the trial court cannot be sustained in the absence of evidence showing an intention on the part of the vendor to have the legal title and equitable interest merged. Such evidence does not exist.

510

The judgment must therefore be reversed, and respondents, as appellants concede, afforded an opportunity to proceed against the interest of Manthei under the land contract.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with opinion. By reason of the failure of appellants to comply with the rules with reference to synopsis of argument in briefs, costs will not be taxed for printing brief.