DELAP, Plaintiff and Respondent, vs. PARCELL and others, Defendants: KIRSHNER, Defendant and Appellant: SAGE-FIFIELD LUMBER COMPANY, Defendant and Respondent.

*December 8, 1938—January 10, 1939.*

154

For the appellant there was a brief by *Edward Morrissey* of Delavan, attorney, and *L. C. Gunderson* of Madison of counsel, and oral argument by *Mr. Gunderson.*

For the respondent Herbert Delap there was a brief by *Lyman K. Arnold* and *Godfrey & Arnold,* all of Elkhorn, and oral argument by *Lyman K. Arnold.*

For the respondent Sage-Fifield Lumber Company there was a brief by *Moran & O'Brien* of Delavan, and oral argument by *J. Arthur Moran.*

MARTIN, J.   On June 5, 1930, appellant, Kirshner, entered into a land contract with the defendants, Robert E. Parcell and wife, for the sale of certain premises for an agreed consideration of $7,500. The Parcells agreed to pay $50 a month during the first year, $60 a month during the second year, and $100 a month during the third year. Payments under the land contract commenced on June 15, 1930. The contract further provided that at the end of the three-year period, when the sum of $2,520 had been paid, Kirshner agreed to deed the premises in question to Parcell and wife and take back a purchase-money mortgage on said premises in the sum of $4,980, said mortgage to run for a period of five years from June 15, 1933, bearing interest at six per cent per annum. The Parcells took possession soon after June 5, 1930. The land contract contained the following provision:

"It is further understood and agreed by and between the parties that in case said party of the second part [Parcells] should fail or neglect to make the payments as herein indicated for the space of three months, he shall forfeit to the said parties of the first part all sums so paid and the same will be considered as rent and said lease is terminated whereby

said party of the second part will forfeit money so paid and must vacate said premises in accordance with this agreement."

The Parcells made all payments required by the contract during the first year. During the second year they paid only $390, and during the third year they paid only $365, making a total of $1,355 paid on the contract, thus being in default at the end of the third year $1,165 on principal payments.

It further appears that between June 24 and October 31, 1932, during all of which time Parcells were in possession, the plaintiff, Delap, performed certain services for the Parcells in remodeling the dwelling house upon the premises in question, amounting to the sum of $342.98, on which the Parcells made payments aggregating $66.61, leaving a balance due in the sum of $272.25. On December 9, 1932, plaintiff filed a mechanic's lien in the office of the clerk of the circuit court for Walworth county, and on October 7, 1933, an affidavit of renewal of said lien was filed. The trial court specifically found that the appellant, Kirshner, did not promise nor agree to pay for the plaintiff's work and services in remodeling the dwelling house in question.

It further appears, and the court so found, that during March or April, 1934, appellant caused to be served on Mr. and Mrs. Parcell a notice to vacate the premises by reason of their default under the terms and provisions of the land contract; that pursuant to such notice the Parcells did vacate and remove from the premises, whereupon appellant took possession; that on or about July 23, 1934, appellant sold and conveyed a part of the real estate to the defendants, the Rockwells, and on the same date sold a part of the premises to the defendant, Sage-Fifield Lumber Company, both conveyances being by warranty deed.

When this action was commenced on October 31, 1934, the defendants, the Parcells, and the interpleaded defendant, Kirshner, appellant herein, all resided in Chicago. Service

was had upon the Parcells by publication and mailing. They made no appearance in the action. The appellant appeared, made answer, including a cross complaint in which he sought to foreclose the land contract against the defendants, the Parcells, barring them from having or maintaining any claim, right, title, or interest in the premises by virtue of said land contract, and further praying that the plaintiff's rights, if any, under his mechanic's lien be declared subsequent and subordinate to his right and interest and the interests of the Sage-Fifield Lumber Company. However, the record does not disclose that appellant made any service of his cross complaint upon the defendants, the Parcells.

Among other conclusions of law, the trial court found that after the defendants, the Parcells, had vacated the premises, appellant repossessed said premises and took over the possession, occupancy, and ownership thereof, subject to the rights of the plaintiff under and by virtue of his mechanic's lien, and further found that when appellant executed and delivered the warranty deeds to the Rockwells and to the Sage-Fifield Lumber Company, there was a merger of all interests of the appellant in and to the real estate in question, said merger resulting in a fee-simple title in appellant, and that the covenants of warranty contained in said deeds established an intention on the part of appellant to merge all of his interests in said real estate into an unconditional fee-simple title. The court further found that appellant was estopped:

"To allege and set up at this time vendor's lien rights to enable him to foreclose the aforesaid land contract against said R. E. Parcell and Mrs. R. E. Parcell, and is further estopped to deny that at the time of the execution and delivery of said deeds he owned or claimed to own the real estate conveyed thereby by any title or interest or interests other than an absolute, complete, and inseparable fee-simple title."

The trial court erred in its findings of fact and conclusions of law that the interests of defendants, the Parcells, under

the land contract had merged with the appellant's title. The court further erred in its findings and conclusions of law that appellant's title should be sold to satisfy the plaintiff's mechanic's lien. The liens provided for in ch. 289, sec. 289.01, Stats., do not extend to the interest of any owner in land in the absence of an express agreement between such owner and the contractor. Sec. 289.01 (4), Stats., provides:

"This section does not give a lien upon the interest of any owner in land unless there is an express agreement between him and the contractor whereby such owner agrees to pay for or become responsible· for the payment of the improvement."

On this issue the trial court has found that appellant did not promise nor agree to pay plaintiff for his work and services rendered at the special instance and request of the Parcells in remodeling the dwelling house. On the issue of alleged merger of title, there is no evidence upon which to base a finding of merger. If the Parcells had any equity in the property in question under their land contract when they vacated and moved off the premises in April of 1934, they still have such equity so far as the record discloses, and only such equity could be sold in the foreclosure of the plaintiff's mechanic's lien.

In *Milwaukee Loan & Finance Co. v. Grundt,* 207 Wis. 506, 242 N. W. 131, Grundt and wife as owners of the premises there involved entered into a land contract with the defendant, Manthei, under which Manthei agreed to purchase the premises for $20,000, paying $7,700 by exchange of certain property, and immediately entered into possession. Thereafter, Manthei contracted for installation of bathroom equipment, a gas heater, etc., for an agreed price. Manthei had other work and labor performed, and liens were filed on both claims. Within two months thereafter, Manthei being in default on his obligations under the land contract, executed and delivered to the Grundts a quitclaim deed in settlement of the land contract to make unnecessary a foreclosure. Grundts

went into immediate possession of the premises. At the time they had no actual knowledge of the making of any improvements. In the action to foreclose the mechanics' liens, Grundts in their answer set up the land contract, alleging the balance due thereon and sought foreclosure of it. Upon these facts the trial court held that the equitable estate of defendant, Manthei, vendee under the land contract, merged with the legal title of the Grundts as a result of the reconveyance from Manthei to the Grundts and granted the lien claimants judgment of foreclosure against the estate of the Grundts. In reversing the judgment of the lower court, this court said (p. 508):

"Where an equitable and a legal title reach the same person after some other interest has attached itself to the equitable estate, a merger is not presumed. It is then so clearly in the interest of the owner of the fee not to have a merger that the policy of the law is to keep the estates distinct. Here the rights of the respondents [lien claimants] have intervened between the contract given to Manthei and the rights of the appellants, and an intention to merge the estates must be made to appear or it will be presumed that no merger was intended by the owner of the fee accepting from the vendee under the land contract the reconveyance." (Citing cases.)

In the instant case, there is not a word of testimony as to any understanding or agreement between appellant and the Parcells at the time the latter vacated the premises or subsequent. As heretofore stated, whatever equity the Parcells had under their land contract when they vacated the premises they still have, and the plaintiff's right to foreclose on his mechanic's lien must be confined to such equity.

Had appellant made service of his cross complaint upon the defendants, the Parcells, there could be no question as to his right to foreclose on the land contract. The foreclosure of a mechanic's lien is an equitable action (*Rustles v. Christensen*, 207 Wis. 326, 241 N. W. 635), and it is elementary

law that a court of equity having taken jurisdiction of the controversy will retain jurisdiction to do complete justice to all the parties interested in the controversy. *Mitchell Realty Co. v. City of West Allis,* 184 Wis. 352, 199 N. W. 390; *Warren Webster & Co. v. Beaumont Hotel Co.* 151 Wis. 1, 138 N. W. 102. However, in this action as originally brought, the Parcells were made parties defendants. Proper service was made upon them by publication and mailing. Thereafter, the appellant herein was interpleaded and made a party defendant. He appeared and made answer to the complaint in which he set up all the facts, the execution of the land contract, the defaults by the Parcells as to payments due, also the defaults as to interest and taxes, and that at that time the whole principal sum had become due and payable. He further alleged that the Parcells had vacated the premises, and considerable evidence was offered to demonstrate that there was no equity in the premises out of which plaintiff might satisfy his lien claim in whole or in part. After a careful consideration of all the evidence which was properly before the trial court as to the value of the premises covered by the land contract, and as to the amount then due appellant on principal, interest, and taxes, it is obvious that the Parcells had no equity left. Upon such showing appellant sought to have his title quieted. These issues could and should have been determined without regard to the further answer of the appellant by way of cross complaint in which he sought to foreclose the land contract.

The plaintiff contends that appellant is now barred from any relief against the Parcells for the reason that since they vacated the premises appellant has sold and conveyed same and is now a stranger to the title. This court has held that a grantor who has conveyed real estate with covenants of warranty may maintain an action to remove a cloud upon the title of the property conveyed. *Spear v. Door County,* 65

Wis. 298, 27 N. W. 60; *Pier v. Fond du Lac County,* 53 Wis. 421, 10 N. W. 686; *Ely v. Wilcox,* 26 Wis. 91. We reach the conclusion that the trial court should have found that the defendants, the Parcells, had no equity left in the premises covered by the land contract when they vacated same and at the time this action was tried, and should therefore have rendered judgment quieting title of appellant and dismissing plaintiff's complaint. This conclusion necessitates a reversal of the judgment in plaintiff's favor, also reversal of the judgment as conditionally provided in favor of the defendant, Sage-Fifield Lumber Company.

*By the Court.*—Judgments reversed, and record remanded with directions to enter judgments in accordance with this opinion.