BARR, Appellant, vs. GRANAHAN and wife, Respondents.

*June 7—July 12, 1949.*

For the appellant there were briefs by *Aberg, Bell, Blake & Conrad* of Madison, and *Sturges P. Taggart* of Lake Geneva, and oral argument by *William J. P. Aberg* and *Edwin Conrad*.

For the respondents there was a brief by *Doyle & Williamson* of Delavan, attorneys, and *Carl B. Rix* of Milwaukee of

counsel, and oral argument by *Everett P. Doyle* and *Eugene A. Williamson*.

MARTIN, J.   Plaintiff-appellant contends that the option was fair, equitable, and legal and that specific performance is, therefore, mandatory.   We have concluded, however, that under all of the facts and circumstances in this case, plaintiff is not entitled to the relief of specific performance.   In 3 Williston, Contracts, p. 2542, sec. 1425, it is said:

"More exactly it may be said that wherever a contract though legally valid is grossly unfair, or its enforcement opposed to good policy for any reason, equity will refuse to enforce it, and though certain kinds of unfairness may be classified, equity declines to make an exact inventory of what amounts to such unfairness or impropriety as will preclude relief, but leaves a borderland where the court can consider the particular facts of each case and deal with it on its merits."

See *Droppers v. Hand* (1932), 208 Wis. 681, 685, 242 N. W. 483; and 5 Callaghan's Wis. Dig., Specific Performance, p. 4812, sec. 5, which cites cases holding that specific performance is discretionary with the court.

The distinguishing characteristic of the present case is that the mortgagee (plaintiff) drew up, in addition to his mortgage, an option agreement which he contends is an entirely separate agreement.   However, both the mortgage and the option were given in consideration alone of the loan made by the mortgagee to the mortgagor (defendant).

The right of redemption is an inherent and essential characteristic of every mortgage.   It is not in terms expressed by the parties in the mortgage.   But whatever be the form of the transaction, if intended as a security for money, it is a mortgage, and the right of redemption attaches to it.   See 2 Jones, Mortgages (8th ed.), p. 788, sec. 1326.

It is stated in 37 Am. Jur., Mortgages, p. 412, sec. 1156:

"Notwithstanding the maxim, 'once a mortgage, always a mortgage,' it is well established, in the absence of a statutory

provision to the contrary, that a mortgagor may sell and convey his equity of redemption to the mortgagee by a separate and distinct contract entered into in good faith and for a good consideration. However, any contract by which the mortgagor sells or conveys his interest to the mortgagee is viewed suspiciously and is carefully scrutinized in a court of equity. The sale and conveyance of the equity of redemption to the mortgagee must be fair, frank, honest, and without fraud, misconduct, undue influence, oppression, or unconscionable advantage of the poverty, distress, or fears of the mortgagor, and of the position of the mortgagee. Otherwise the transaction will not be given effect, and equity will hold the parties to their original relation of mortgagor and mortgagee. Since the inclination of courts of equity to overthrow transactions of conveyance from mortgagor to mortgagee, where any substantial ground for so doing appears, springs from a desire to protect the mortgagor from the power, advantage, and undue influence of the mortgagee, it is not to be expected that an attack by the mortgagee will be viewed in the same light as one by the mortgagor."

With these rules in mind, it is necessary to consider plaintiff's contention that the option agreement was supported by valuable consideration and, irrespective of the question of consideration, the option, having been exercised before it was withdrawn, a binding contract was established.

The option agreement recites: "In consideration of a loan of eight thousand five hundred seventy-two dollars ($8,572) made this date by Patrick Barr to the undersigned, Patrick Granahan and Olivia Granahan, his wife, . . ."

Since plaintiff takes the position that the option is a separate, distinct, and self-supporting contract, the consideration of the note and mortgage does not extend to the option agreement and cannot be enforced. See *Hay v. Lewis* (1876), 39 Wis. 364. The instruments are supported by the same consideration, and the option is additional security to the note and mortgage. See *Helbig v. Bonsness* (1938), 227 Wis. 52, 277 N. W. 634.

The option was silent both as to refund of payments on the mortgage and as to reimbursement for improvements which supports the position that it was additional security to the note and mortgage.

Two years elapsed and plaintiff accepted a substantial payment on the principal of the note and mortgage by the defendant before plaintiff exercised the option. A payment of $2,000 was made to and received by plaintiff almost two months after service of the notice of election.

The plaintiff contends that the exercising of the option is not made dependent upon the mortgagor defaulting in payment of the mortgage debt but the mortgagee is given the flat and unequivocal option of purchasing the property at any time within ten years, even though the mortgage is in good standing, or even though the mortgage has been fully paid.

It was stated in *Smith v. Pfluger* (1905), 126 Wis. 253, 256, 105 N. W. 476:

"The mere form of an instrument cuts but very little figure in respect to whether it is enforcible as a mortgage or not upon its character being called in question in a legal or equitable action, as those terms are used under our system. The purpose of the instrument is the controlling feature under all circumstances. If that is security and the facts of the matter are established in any action involving the subject, the instrument is treated as a mortgage and nothing else." (Cases cited.)

We have carefully considered all the facts and circumstances surrounding this transaction and conclude that the purpose of the option agreement was to secure the mortgage indebtedness.

The findings of the trial court must be sustained unless clearly against the weight of the evidence and contrary to the law.

We hold that it would be inequitable to grant specific performance.

*By the Court.*—Judgment affirmed.