ELSE, Appellant, vs. CANNON and others, Respondents.

*December 3—December 30, 1953.*

For the appellant there was a brief by *Brendemuehl &
Brendemuehl* of Oconomowoc, and oral argument by *Alvin
G. Brendemuehl.*

For the respondents there was a brief by *George A. Hart-
man, Robert G. Hartman,* and *Leo C. Hartman,* all of
Juneau, and oral argument by *Leo C. Hartman.*

GEHL, J.   Plaintiff contends that when the purchasers
surrendered their equitable interest in the real estate to the
vendors, the holders of the legal title, a merger resulted, and
that in this action to foreclose his lien he may reach both
interests and require their sale for satisfaction of his claim.

The question presented is dealt with in two prior decisions
of this court. *Milwaukee Loan & Finance Co. v. Grundt,*
207 Wis. 506, 242 N. W. 131, and *Delap v. Parcell,* 230
Wis. 152, 283 N. W. 305. The facts appearing in those cases
are quite similar to those considered here.  Out of these
earlier cases we read the following:

1. Where an equitable title and a legal title reach the
same person after some other interest has attached itself to
the equitable estate, a merger is not presumed.

2. An intent to merge must be proved (no such intent
is established in the instant case).

3. If a purchaser under a land contract has any equity
when he surrenders to the vendor, the equity continues to
exist after the surrender to the extent that some other inter-
vening attached interest is not cut off by the surrender.

4. If a purchaser still has an equity after surrender, only
such equity can be sold in proceedings brought to enforce

the interest of another which has attached between the date of the contract and the surrender.

5. The court may determine from the evidence the value of the premises and the amount due under the land contract and whether at the time of trial and after surrender the purchaser has any equity left.

In *Peters v. Bossman,* 184 Wis. 254, 199 N. W. 65, it was held that the vendor's knowledge that the work of the intervening claimant was being done is immaterial.

Applying the rules cited it follows that the plaintiff may have a sale in his foreclosure action but that only the equity which the purchasers had at the time of the surrender may be sold.

*By the Court.*—Judgment reversed. The cause is remanded for further proceedings in accordance with this opinion.