ANDERSON and wife, Respondents, v. NELSON and wife, Appellants.

*February 28—April 9, 1968.*

510

For the appellants there was a brief by *Arthur, Tomlinson & Gillman,* and oral argument by *Thomas W. Bertz,* all of Madison.

For the respondents there was a brief by *Mortensen & Kirkhuff* of Madison, and oral argument by *Curtis M. Kirkhuff.*

ROBERT W. HANSEN, J. The agreement of the parties as to the purchase and sale of the Anderson farm is contained in their contract, designated an "Offer to Purchase" of February 8, 1966. In the part material to this case, that contract provided as follows:

"To Ole K. and Christine M. Anderson, Owner of Property Described Below

"The undersigned hereby offers to purchase your property described as follows: . . . and agrees to pay you therefor the sum of Ninety-One Thousand — — — ($91,000.00) Dollars, as follows:

"$15,000.00 down and the balance of $76,000.00 payable in the amount of $5,000.00 principal annually plus interest at the rate of 5½% on the unpaid balance annually beginning April 1, 1965. The first payment of $5,000.00 plus interest to be due on April 1, 1966. . . .

"Conveyance to be by Land Contract . . . .

"Purchaser is to have possession on April 1, 1965. . . .

"Purchaser has handed to Owners the sum of See Reverse Side ($15,000.00), as an earnest money payment upon the purchase price of the above described property . . . ."

(Reverse side: "It is understood and agreed that the $15,000.00 down payment under the land contract herein shall be in the form of a home approximately 26' x 46' and an additional garage 22' wide. The exact cost of this

home is ———— (————) Dollars and the amount of ———— (————) Dollars shall be paid to Purchasers at this time.")

"Upon the acceptance hereof the Owner agrees, within a reasonable time, to provide the Purchaser with an Abstract of Title certified by the Dane County Title Co. and continued to this date showing merchantable title in the owners . . . The Purchaser shall have a reasonable time within which to examine the said Abstract of Title whereupon the transaction shall be consummated as above provided . . . .

"Attest ———————— /s/ Richard J. Nelson  
RICHARD J. NELSON

"For ———————— /s/ Kathryn C. Nelson  
KATHRYN NELSON

"The foregoing offer is hereby accepted this 8th day of February, 1966.

"Ole K. Anderson  
OLE K. ANDERSON    Owner

"Christine M. Anderson  
CHRISTINE M. ANDERSON"

The trial court found that on April 1, 1966, the defendants did not pay or tender the principal and interest payment then due, finding that "Not only was no payment made by the defendants pursuant to the requirements of the Offer to Purchase on April 1, 1966, but no tender was made within a reasonable time thereafter." and that "The plaintiff, personally and through his attorney, prior to the service of the termination notice in August, 1966, made repeated demands upon the defendants for payment." The trial court held such failure to be a breach of contract, and determined that the contract between the parties had been terminated and cancelled.

On this appeal, defendants seek a judgment for specific performance of the said contract, contending that as a matter of law defendants did not substantially breach

the contract. Actually, defendants contend that the plaintiffs waived their right to receive the principal and interest payment on April 1, 1966, because (1) they failed to furnish an abstract; (2) they failed to tender a land contract; (3) they accepted the house as a down payment; (4) time was not of the essence. Each point raised must be considered to determine whether it constitutes a waiver or justifies an excusing of the requirement to make the April 1, 1966, payment.

*Absence of Abstract?* The defendants contend that plaintiffs waived their right to the April 1, 1966, payment by their failure to furnish an abstract. This issue is raised on appeal. There is only one off-hand remark or reference concerning the abstract in the entire record. At no time did the defendants claim that they were withholding or had withheld the April 1st payment due to a failure of plaintiffs to furnish an abstract. The issue was not raised and the matter was not explored during the trial. Plaintiffs, it appears, had the abstract continued but the record is not clear as to whether the abstract was actually tendered to the defendants. Defendants' counsel argues that such ambiguity should be resolved against plaintiffs. We would hold that this is not a case where the court may review the entire record and determine a point of law.[1] The issue was not raised in the trial court and will not be considered on this appeal.[2]

*No Land Contract?* The defendants contend that plaintiffs waived their right to April 1, 1966, payment by their failure to furnish a land contract for the defendants to sign. It is conceded that no land contract was entered into by the parties. Their agreement provided only that

---

[1] *Estate of Zeimet* (1951), 259 Wis. 619, 622, 623, 49 N. W. 2d 924; *Stierle v. Rohmeyer* (1935), 218 Wis. 149, 165, 166, 260 N. W. 647.

[2] *Sohns v. Jensen* (1960), 11 Wis. 2d 449, 458, 105 N. W. 2d 818; *Callaway v. Evanson* (1956), 272 Wis. 251, 256, 75 N. W. 2d 456.

"Conveyance to be by Land Contract." Such conveyance required signatures of both parties. Plaintiffs' attorney wrote twice in May requesting defendants to contact him so that completion of the transaction could be arranged. Plaintiffs' attorney testified that defendants phoned him and told him they would come in and complete the transaction. They did not come. The agreement did not require one party to furnish a land contract. It required both parties to enter one. The trial court could reasonably infer that the defendants did less than they could and should have in this regard, particularly where it is clearly established that failure to make the April 1st payment was due to the fact that the defendants were short of cash and could not make the payment.

*Acceptance of House?* The defendants contend that plaintiffs waived their right to the April 1, 1966, payment by accepting the house built for them by the defendants as a down payment. It is clear that the cost of the home less credits due the plaintiffs was $18,859.20 or $3,859.20 in excess of the down payment requirement of $15,000. This excess was credited by the plaintiffs against the interest for the April 1st payment. This the defendants were entitled to and no more. In their agreement, the defendants agreed to build the house as a down payment. They also agreed to make the principal and interest payment, less credits to which they were entitled, on April 1st. The provisions are separable, the obligation to do both clear. Both parties anticipated that the house to be built would equal a $15,000 down payment. If it had cost less, the defendants would have owed the deficit on the down payment. Since it cost more, the defendants are entitled to credit for the excess. The fact of excess cannot be construed as a waiver, particularly where defendants were informed that the balance on the April 1st payment was due and they were given a reasonable time to pay it.

*Time of Essence?* The defendants contend that defendants made timely and sufficient tender of payment be-

cause time was not of the essence in regard to the April 1, 1966, payment. The trial judge found that, not only did the defendants fail to make the required payment on April 1st but that they did not ". . . make a tender of said payment within a reasonable time thereafter in spite of repeated demands for payment by plaintiffs." This court has stated:

"The general rule is that time is not of the essence of a contract of sale of realty unless expressly made so or impliedly so by surrounding circumstances. However, time may be made of the essence after breach of the contract by reasonable notice to the person in default to perform. See *Long Investment Co. v. O'Donnell* (1958), 3 Wis. (2d) 291, 88 N. W. (2d) 674, and *Peyer v. Jacobs* (1957), 275 Wis. 364, 82 N. W. (2d) 202. Ochiltree was given until February 1, 1961, to perform, with notification the contract would be terminated and suit commenced. He did nothing. On the facts presented, we consider a month's time to perform after default was sufficient to make time of the essence of the contract." [3]

In this case, the trial court found that the defendants had been given reasonable time to make the April 1st payment. Following failure to make the payment on the date prescribed, they were given twenty days to perform. They failed to do so. They were then in default; time had become of the essence. Tenders of payment after commencement of the suit cannot reach back to take away from the plaintiffs their right to rescind following the default. Their breach was substantial, going to the very object and essence of the contract.

On this appeal, separate and apart from their seeking specific performance of the contract for purchase and sale, defendants assert that the right of redemption exists in this case and seek a reversal of the judgment of the trial court "with instructions to set a period of not less than six months from the entry of the reversed

---

[3] *Ochiltree v. Kaiser* (1963), 20 Wis. 2d 191, 197, 121 N. W. 2d 890.

judgment for the appellants to pay the balance under the offer to purchase contract and the insurance and taxes, but without interest thereon." The trial court held that "The defendants have no right of redemption."

The right of redemption argument is two-pronged. It is contended that this court (1) must, and (2) ought to provide a right to redemption in this case. The "must" argument is based upon equating a preliminary purchase and sale contract with the land contract or mortgage that usually follows it. The court is given a citation stating: "In the discussion which follows both the binder contract and the installment contract will be lumped together under the terms 'land contract.' " [4] This is unobjectionable literary license, but it does not convert an accepted offer to purchase into a mortgage or land contract. There remains a difference, particularly where the purchase agreement states, "Conveyance to be made by land contract." The absolute right to a period of redemption is a corollary to a foreclosure. It is found, as a matter of right, in foreclosure actions in which property is pledged as security for the payment of money. [5]

The argument that defendants "ought" to be given a period of redemption in the action for rescission of contract is founded on the possible application of the doctrine of equitable conversion. Generally speaking, in this state this doctrine has been given sharply limited applicability, most often to carry out the will of a testator. [6] In addition to cases of devises under wills, it has been resorted to in cases of uncompleted sales of real estate to carry out the intention of the parties which

[4] Beuscher, *Farm Law in Wisconsin* (1951), p. 78.

[5] *Barr v. Granahan* (1949), 255 Wis. 192, 195, 38 N. W. 2d 705; *Button v. Schroyer* (1855), 5 Wis. 598.

[6] "The doctrine of equitable conversion is really a fiction by which, for certain purposes, the most frequent of which is to carry out the purpose of a testator, realty will be treated as personalty." *Foote v. Foote* (1914), 159 Wis. 179, 183, 149 N. W. 738.

otherwise would have been prevented by death, laws or descent or destruction of the property.[7]

Use of this doctrine in this case would do more than upgrade the offer to purchase agreement into a land contract. It would transplant from proceedings to foreclose land contracts or mortgages the one phase of foreclosure proceedings favorable to the person who failed to keep up the payments. It would leave behind other aspects of foreclosure much less favorable to the mortgagor or land contract payor. In any event, the contract between the parties hereto was not a land contract or a mortgage. It was a purchase and sale agreement. It was breached by the defendants. It thereupon became subject to suit for rescission. We cannot quarrel with the findings made or the conclusions reached by the trial court.

*By the Court.*—Judgment affirmed.

---

[7] *Rock County Savings & Trust Co. v. London Assur. Co.* (1962), 17 Wis. 2d 618, 622, 623, 117 N. W. 2d 676. *See also* 27 Am. Jur. 2d, *Equitable Conversion*, p. 483, sec. 1; 4 Pomeroy, *Equity Jurisprudence* (5th ed.), pp. 472, 475, sec. 1159, and pp. 769, 770, sec. 1261.