RICE and wife, Appellants, v. REICH, d/b/a REICH REAL-TY COMPANY and others, Respondents.

*No. 284. Argued March 31, 1971.—Decided May 4, 1971.*
(Also reported in 186 N. W. 2d 269.)

For the appellants there was a brief and oral argument by *William J. Keating* of Milwaukee.

For the respondents there was a brief by *Herro, Snyder, Chapman & Snyder* and *Charles J. Herro,* all of Oconomowoc, and oral argument by *Charles J. Herro.*

WILKIE, J.   The only issue presented on this appeal is whether, if the purchasers had knowledge of the joint-driveway easement at the time they executed the offer to purchase, they are precluded from raising any objection to the encumbrance and barred from recovering their $1,000 earnest-money payment. We conclude that they are. The case is controlled by *Taxman v. McMahan.*[1] In *Taxman* this court stated:

> "Wisconsin early recognized an exception to the foregoing rule, namely, that an easement which is fully known to a purchaser before he makes his contract of purchase, or which is so open, obvious, and notorious that he must have known of it, is not an incumbrance within the meaning of such a covenant."[2]

---

[1] (1963), 21 Wis. 2d 215, 124 N. W. 2d 68.

[2] *Id.* at page 220. *See also: Estate of Meehan* (1966), 30 Wis. 2d 428, 141 N. W. 2d 218; *Lease v. Zarndt* (1969), 41 Wis. 2d 667, 165 N. W. 2d 145.

The question of whether purchasers here knew of the easement is a question of fact to be settled by the trial court, and it was here resolved against them. The record amply supports the finding made. Defendant Reich testified that the purchasers walked on the driveway and that he informed them of the use made of it by the adjoining property. Purchasers testified that they could not remember whether they were so informed. In addition, Mr. Rice was a lawyer with thirty years' experience and the trial court was clearly entitled to infer that he was aware of the law. The finding of the court that the plaintiffs knew of the joint-driveway easement at the time they executed the offer to purchase is not against the great weight and clear preponderance of the evidence.

Appellants argue that the joint-driveway "lease" is not an easement, as in *Taxman,* and the cases cited therein, but is a "99-year lease." Hence, the rule of *Taxman* does not apply.

But it is well settled that the name which parties give to an agreement does not control the interpretation of it.[3] Courts will look to the essential nature of the agreement or property right. Here, the joint driveway agreement was an easement not a lease no matter what it was called. "A rose by any other name would smell as sweet." *Taxman* involved a party wall and two other easements almost identically defined as that involved here.[4]

Appellants also cite *Klippel v. Borngesser* [5] as authority for their position. In *Klippel,* the subject property was under lease to a third person, which lease was to extend ten months beyond the date of delivery. The purchase contract required sellers to deliver the property free of

---

[3] *See, e.g., Drovers' Deposit Nat. Bank v. Tichenor* (1914), 156 Wis. 251, 145 N. W. 777; *Shepard v. Pabst* (1912), 149 Wis. 35, 135 N. W. 158.

[4] *Taxman v. McMahan, supra,* footnote 1, at page 216.

[5] (1922), 177 Wis. 423, 188 N. W. 654.

all encumbrances. The purchasers were not only aware of the lease, but accepted the monthly rental fee from the lessee. When the purchasers brought an action to recover the difference between the fair rental value of the property and the amount they actually received pursuant to the lease, the trial court held that since the purchasers knew of the lease and its duration, and since they accepted the benefit of the lease, they were not entitled to recover under the purchase contract.

This court reversed, holding that a lease was clearly an encumbrance within the meaning of that term as used in the purchase contract, and that the purchasers were entitled to the fair rental value as damages.

*Klippel* is readily distinguishable:

a. The encumbrance there involved was a true "lease" of the entire premises, with regular monthly rental payments, the premises occupied by the lessee, etc. In the instant case, as we have stated, the lease is, for all intents and purposes, an easement. The "lessee" here is entitled only to pass across the subject property to reach certain out buildings.

b. The remedy sought in *Klippel* was specifically noted by the court, and it is different than the remedy here sought. In *Klippel* the court noted:

"It is alleged that because the plaintiffs accepted the $30 per month from the lessee they thereby waived their right to claim damages for breach of covenant. *The plaintiffs are not disaffirming the contract, they are not seeking a rescission,* but, on the contrary, are claiming under the contract." (Emphasis supplied.) [6]

In the instant case the plaintiffs are seeking to disaffirm.

*By the Court.*—Judgment affirmed.

---

[6] *Id.* at page 426.