KANIEWSKI v EMMERSON

1. EVIDENCE—INFERENCES—INSTRUCTIONS TO JURY—STATUTES.

The trial court did not err in refusing the plaintiff's request in a malpractice suit to instruct the jury that a permissive inference might be made against nontestifying defendants for failure to produce evidence within their control when the defendants were in court and available for cross-examination as provided by statute, because the requested instruction is not applicable when witnesses are equally available to plaintiff and defendant (MCLA 600.2161; SJI 5.01[3]).

2. EVIDENCE—INFERENCES—INSTRUCTIONS TO JURY—SUPPRESSION OF EVIDENCE.

A plaintiff in a malpractice suit was not entitled to an instruction that would permit the jury to make an inference against nontestifying defendants for failure to produce evidence within their control where the plaintiff's strategy not to call the defendants to testify promoted the suppression of evidence, since the reason behind the rule embodied in the requested instruction is to prevent suppression of evidence (SJI 5.01[3]).

Appeal from Wayne, John D. O'Hair, J. Submitted Division 1 December 14, 1972, at Detroit. (Docket No. 12341.) Decided February 21, 1973.

Complaint by Helen J. Kaniewski against Richard Emmerson and John A. Fetzer for damages resulting from medical malpractice and negli-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 178, 186.

53 Am Jur, Trial §§ 681, 689.

Adverse inference from failure of party to produce available witness or evidence, as affirmative or substantive proof. 70 ALR 1326.

Right or duty of court to instruct jury as to presumptions. 103 ALR 126.

Presumption or inference from party's failure to produce witnesses within his control, as affected by his introduction of some evidence on the matter in question. 135 ALR 1375.

gence. Judgment for defendants. Plaintiff appeals. Affirmed.

*Sugar, Schwartz, Silver, Schwartz & Tyler* (by *Leonard Natinsky)*, for plaintiff.

*Dice, Sweeney & Sullivan, P. C.* (by *Thomas L. Young)*, for defendant Emmerson.

*Kitch & Suhrheinrich, P. C.* for defendant Fetzer.

Before: QUINN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

QUINN, P. J. This action was commenced by plaintiff against defendants for medical malpractice and negligence. Plaintiff's theory at trial was that the defendants had either expressly or inferentially by word or actions advised the plaintiff that she had cancer, when in fact she did not, and that defendants knowing her true condition were negligent for not advising her that she did not have cancer. The jury returned a verdict of no cause of action. Plaintiff appeals.

Plaintiff first assigns as error the failure of the trial court to give her request that Michigan Standard Jury Instruction 5.01(3), permissive inference against a nontestifying party, be given. The defendants, though present at trial, did not testify nor offer any evidence in their behalf except the deposition of defendant Emmerson which was read into the record. We find that this assignment of error is without merit for two reasons:

1. Both defendants were present in court and

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

available to plaintiff for cross-examination under MCLA 600.2161; MSA 27A.2161. The requested instruction is not applicable when the witnesses are equally available to plaintiff and defendant, *Barringer v Arnold,* 358 Mich 594, 602 (1960).

2. Plaintiff admitted at oral argument that she did not call defendants to testify and hoped that they would not take the stand as deliberate strategy to obtain the requested instruction. As stated in *Barringer, supra,* the reason behind the rule embodied in the requested instruction is to prevent suppression of evidence. Plaintiff's strategy promoted suppression of evidence.

Plaintiff also assigns as error the giving of a jury instruction which was not supported by evidence in the record. A review of the record does not sustain this assignment of error.

Affirmed with costs to defendants.

All concurred.