C. R. STOCKS, INC., and another, Plaintiffs-Appellants, v. BLAKELY'S MATTERHORN, INC., and another, Defendants-Respondents: BROADWAY JOE'S, INC., and others, Defendants.

Court of Appeals

*No. 78–073. Submitted on briefs January 17, 1979.—Decided April 30, 1979.*
(Also reported in 279 N.W.2d 499.)

---

For the plaintiffs-appellants the cause was submitted on the briefs of *Garvey, Anderson, Kelly & Ryberg, S.C.,* of Eau Claire.

For the defendants-respondents the cause was submitted on the brief of *Hibbard, Proctor & Schrage* of Eau Claire.

Before Dean, P.J., Donlin, J., and Foley, J.

FOLEY, J.   Plaintiffs claim they are entitled to construction liens for improvements made for the prospective purchaser of the property.  At the time the work was done, the purchaser had possession and the right to purchase the property.  However, the purchaser defaulted on his purchase contract (an accepted offer to purchase) and had no interest in the property when this action was commenced.

Plaintiffs' lien claims are based on sec. 289.01(3), Stats., which provides:

Every person who performs any work or procures its performance or furnishes any labor or materials or plans or specifications for the improvement of land, . . . shall have a lien therefor on all interests in the land belonging to its owners.

For purposes of this case, the key word in this statute is "owners." As defined in sec. 289.01(2)(d), Stats.,

"Owner" means the owner of any interest in land who, personally or through an agent, enters into a contract, express or implied, for the improvement of the land. Agency will be presumed, in the absence of clear and convincing evidence to the contrary, between employer and employe, between spouses, between joint tenants and among tenants in common, but there shall be a similar presumption against agency in all other cases.

Two issues are presented:

1. Was the prospective purchaser, with an enforceable purchase contract, an "owner of an interest in land" within the meaning of sec. 289.01(2)(d), Stats., to which a construction lien could attach?
2. If the prospective purchaser had no interest to which a construction lien could attach, did a lien attach to the interest of a seller because the seller allowed the prospective purchaser to have possession of the property?

Plaintiffs did not contract with the legal title holder of the property, the seller, but rather with the prospective purchaser. However, plaintiffs claim the purchaser was, under the doctrine of equitable conversion, the "owner of an interest in land." They argue that the purchase contract should be construed as an executory land contract and, therefore, they should be able to enforce their lien as against a land contract vendee. They could then foreclose on the purchaser's equitable interest. *Else v. Cannon*, 265 Wis. 510, 62 N.W.2d 3 (1953) and *Milwaukee Loan & Finance Co. v. Grundt*, 207 Wis. 506, 242 N.W. 131 (1932).

We do not accept this argument. We do not find Wisconsin case law applying the equitable conversion doctrine controlling or helpful in our consideration of creditors' lien rights under sec. 289.01, Stats.,[1] and believe the court must instead consider the nature of the interest involved. The name the parties give to an agreement does not control its interpretation. Whether the agreement is called a land contract or, as here, a purchase contract, the court must look to the essential nature of the agreement to determine its effect. *Rich v. Reich*, 51 Wis.2d 205, 186 N.W.2d 269 (1971).

The seller and purchaser intended a purchase contract, which is different from a land contract. *Anderson v. Nelson*, 38 Wis.2d 509, 157 N.W.2d 655 (1968). The purchaser's interest was limited to the right to purchase the property by complying with the terms of the purchase contract. Unlike a land contract vendee, the purchaser was a tenant at will and was subject to ejection at any time. Unlike a land contract vendee, the purchaser had no right to redeem upon breach of the purchase contract. The rights provided to the purchaser by the purchase contract, therefore, did not include those rights ordinarily acquired by a land contract vendee. The purchaser here had nothing more than an unrecorded right to require specific performance of the agreement upon his compliance with the terms of the purchase contract. We hold this right does not constitute an "interest in land" to which a construction lien can attach under sec. 289.01 (3), Stats.[2]

---

[1] We find persuasive the discussion of the limited relevancy of the doctrine of equitable conversion to the issue of creditors' rights in Church, *Equitable Conversion in Wisconsin*, 1970 WIS. L. REV. 404.

[2] Had the sale been completed, plaintiffs would have been entitled to a lien against the purchaser's interest. In *Owens v.*

Ostensibly, this holding is in conflict with *Mueller v. Novelty Dye Works,* 273 Wis. 501, 78 N.W.2d 881 (1956). In *Mueller,* the parties entered into a purchase contract and the property was eventually sold. A judgment against the seller was docketed during the interim period. Title to the property was apparently not checked for judgment liens at closing as all of the sale proceeds were paid to the seller. The court held the judgment was not a lien against the property because the seller retained only a personal property interest after signing the purchase contract.

The *Mueller* case was decided upon an equitable conversion theory which, as previously stated, we believe has limited relevancy on the issue of creditors' lien rights. *Mueller* denied a lien to a judgment creditor against the interest of the holder of record title because of a pre-existing purchase contract. The opinion gives no indication that the lien claimant had either actual or constructive notice of the contract, or that the purchase contract included any of the rights usually associated with a land contract.

While a literal reading of *Mueller* may require a contrary result in this case, we believe the *Mueller* holding should be reconsidered and that it can be distinguished upon its facts from this case. The purchase contract in this case prohibited improvements to the property by the

*Hughes,* 188 Wis. 215, 205 N.W.2d 812 (1925), the court held that the lease of premises, with an option to purchase, constituted an interest in land. *Owens* is distinguishable because the purchase was eventually made and at the time the lien was asserted, there was an interest to which the lien could attach. Additionally, a leasehold interest, without any option, is a sufficient interest in land for a lien. We do not, however, construe the *Owens* case as holding that an option to purchase, standing alone, is an interest in land against which a lien be asserted after the option expires without being exercised.

purchaser without the written consent of the seller. The improvements to the property giving rise to the plaintiffs' claimed construction liens were therefore in violation of the purchase contract. Plaintiffs had adequate opportunity to protect themselves through inquiry as to the purchaser's rights. The contract indicates that the reason for requiring written consent for improvements was to preclude possible liens. We uphold upon the facts of this case the right of the seller to rely upon this contract protection.

Having concluded that plaintiffs have no lien against the purchaser's interest, the only remaining interest plaintiffs' lien could attach to belonged to the seller. By sec. 289.01(2)(d), Stats., for plaintiffs to have a lien against the sellers' interest, they would have to prove there was either an implied contract with the seller or an agency relationship between the purchaser and the seller. They have not specifically alleged either.[3] Additionally, the trial court concluded there was no agency relationship. The record supports this finding.[4]

For their final argument, plaintiffs contend that the seller should be estopped from asserting the purchaser's insufficient interest in the property because, by allowing the prospective purchaser possession of the property before the sale was completed, seller misled the plaintiffs as to the purchaser's true interest. In answer, we believe "[a] lack of diligence on the part of the party claiming estoppel is fatal." *Foellmi v. Smith*, 15 Wis.2d 274, 112

---

[3] The question of unjust enrichment was arguably raised in the trial court. The concept of "unjust enrichment" and "implied contract" are closely related. W. B. Raushenbush, *Wisconsin Construction Lien Law—1974* at 33. However, the unjust enrichment theory was not pursued by plaintiffs on appeal.

[4] There is also a presumption against agency as provided in §289.01(2)(d), Stats., where the relationship between the owner and occupier of the property is that of landlord and tenant.

N.W.2d 712, 718 (1962). The trial court concluded that plaintiffs had ample opportunity to question the purchasers or to examine the purchase contract to determine the true nature of the purchaser's interest. It found they did neither, and this finding is not challenged on appeal. This establishes a lack of diligence by plaintiffs.

Our holding that plaintiffs cannot reach the seller's interest because the seller allowed the purchaser into possession is in accord with *Puttkammer v. Minth,* 83 Wis.2d 686, 266 N.W.2d 361 (1978), where the court recognized that a landlord is not liable for work or materials furnished to tenants upon expectation that only the tenant would pay, unless the landlord ordered the work, authorized it, or ratified it after it was done. There is no evidence in this case that the seller ordered, authorized, or ratified the work. We do not find persuasive plaintiffs' attempt to distinguish *Puttkammer* because the purchaser's possession here was coupled with the right to purchase the property.

*By the Court.*—The judgment of the trial court is affirmed.

DONLIN, J. (concurring). I agree that plaintiffs do not have a lien against the property. However, I would distinguish *Mueller v. Novelty Dye Works,* 273 Wis. 501, 78 N.W.2d 881 (1956) on legal grounds in addition to factual differences.

*Mueller* involved the lien of a judgment creditor under sec. 270.79 (now sec. 806.15), Stats., while here we are presented with a claim for a construction lien under sec. 289.01(3), Stats. The construction lien claimant has personal contact with the property while the judgment creditor generally is a stranger to the property.

The lien claimant must satisfy very specific notice requirements to perfect a construction lien while the judgment creditor, once he has received a judgment, can

docket it in any county of the state. The construction lien claimant has a potential claim only against specific property and must enforce such claim within two years of the date of its filing. The judgment creditor has a lien against any and all real property the debtor has or acquires in the county of docketing within ten years of the entry of judgment. These differences are substantial. The legislature intended to create two different types of liens.

In addition, having close contact with the property involved, the lien claimant has every opportunity to make inquiry as to the true ownership of the property. He is dealing with someone on the property who has an apparent claim of ownership. All he need do is ask what the claim of ownership is and verify the information received. One manner of verification is to examine the records in the office of the Register of Deeds to determine the record ownership of the property involved. As a practical matter, the lien claimant should check these records to assure that statutory notices are sent to the "owners" of the property. *See* W. B. Raushenbush, *Wisconsin Construction Lien Law—1974,* problem 3 at 29, problem 4 at 36, and ch. 7 at 241 (1975).

Furthermore, there are serious practical problems in allowing a construction lien claimant to enforce a lien of this type against the real property. If this lien did attach, when would a title examiner be certain that there were no liens which could attach? Title examination in Wisconsin may be going the way of the quill pen, but title insurers either except construction lien claims from their coverage or require waivers of such claims. In this case, there is no showing that the lien claimant ever had any contact with or was known by the landowner until this action was commenced. In these situations, how could a landowner as seller execute a valid affidavit of no lien claims?

To allow construction liens to attach to buyers' interests in purchase contracts might well undermine the integrity of titles to real estate. Diligent lien claimants have the ability to take precautions to protect their interests. Under these circumstances, to accept plaintiffs' construction of "owners of any interest in land" would clearly be contrary to the intent of the legislature.