**In the Matter of Glenn H. KIENOL and Eileen J. Kienol, Debtors.**

**Bankruptcy No. MM7–84–01438.**

United States Bankruptcy Court, W.D. Wisconsin.

Dec. 18, 1984.

Jeanne M. Meier, Waltz, Howden & Franken, New Glarus, Wis., for debtors.

Thomas J. Vale, Monroe, Wis., for Fred E. and Iona D. Aebly Ewald, Duxstad & Vale Law Offices.

Daniel J. Lipman, Madison, Wis., for Bank of New Glarus Wendel, Center, Lipman, Peppard & Trachtenberg.

## MEMORANDUM DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

In 1977 the debtors ("Kienols") purchased farm property under a land contract ("the land contract") from the Aeblys. In 1983 the Kienols executed an assignment of their vendee's interest in the land contract to the Bank of New Glarus ("BNG"), as security for an Agricultural Universal Note. On July 30, 1984 the Kienols filed for bankruptcy under chapter 11, and shortly thereafter this court lifted the automatic stay of enforcement of the Aeblys' vendor's interest in the land contract. BNG now seeks relief from stay to foreclose its assignment of the vendee's inter-

est in the land contract. The Kienols claim that BNG's interest is junior to their homestead exemption under Wisconsin law. BNG argues that its interest in Kienol's land contract is not subject to a homestead claim because the Wisconsin homestead exemption statute (WIS.STAT. § 815.20) excepts mortgages.

WIS.STAT. § 815.20 provides, "[a]n exempt homestead ... shall be exempt from ... the debts of such owner to the amount of $25,000, except mortgages...." The Kienols argue that assignment of vendee's interests in land contracts are not considered mortgages for three reasons. First, the inclusion of certain words in a statute means that similar words not mentioned are excluded. In support of this contention Kienol's cite *Teamsters Union Local 695 v. Waukesha County*, 57 Wis.2d 62, 203 N.W.2d 707 (1973) for an explanation of the doctrine of *expressio unius est exclusio alterius*. Second, other state courts have held that general loans cannot defeat a vendee's homestead interest. Third, if BNG had wished they could have taken a second mortgage, or could have used a different form for Assignment of Land Contract designating that the assignment was for collateral and making specific reference to mortgage, homestead and foreclosure rights.

BNG directs the court to statutory definitions and cases which construe the term mortgage to include various types of loan transactions. Wisconsin statutes define the term "mortgage" broadly. WIS.STAT. § 851.15 (Probate Code) provides, " '[m]ortgage' means any agreement or arrangement in which property is used as security." WIS.STAT. § 409.105(1)(j) (U.C.C.—secured transactions) states " '[m]ortgage' means a consensual interest created by a real estate mortgage, a trust deed on real estate, or the like."

BNG selected the forms it used in its loan transaction with the Kienols, who were not represented by counsel. The Agricultural Universal Note provided only that "this note is all secured by a assignment of land contract dated March 29, 1983 from Glenn H. Kienol and Eileen J. Kienol to the payee." The assignment employed by BNG could not be immediately identified as having any of the characteristics of a mortgage. It does not indicate that its use is intended for security, appearing rather to be a complete assignment of the rights and duties of the purchaser as might be used in a sale to a subsequent purchaser. There is no specific reference to foreclosure, homestead rights, or mortgages presumably because those rights are dealt with, if at all, in the land contract assigned or by the applicable law regarding land contracts. Other printed forms for land contract assignment employed in Wisconsin, including Wisconsin State Bar Form 15 (1982) [1] recognize the use of such assignments as either transferring all rights and obligations of the assignor or transferring a limited interest only for purposes of collateral by providing alternative paragraphs. The latter form would resemble a "real estate security agreement" if the "collateral" paragraphs were retained and the "full assignment" paragraphs stricken.

In two recent state circuit court cases Real Estate Security Agreements were held to constitute mortgages under section 815.20 and thus defeat the debtors' claimed homestead exemptions; *West Bend Marine Bank v. Oscar Feller*, Milwaukee County Circuit Court, Case No. 549-942; *Ixonia State Bank v. William D. Coeppler*, Dodge County Circuit Court, Case No. 80CV50 (1981). Furthermore, in the *Coeppler* case the court found there was no authority establishing a form which an agreement must take to fall under the mortgage exception.

---

1. The Wisconsin State Bar form 15 (1982) Assignment of Land Contract provides "... this assignment is to have the same effect as a mortgage. In the event of default on the part of the assignor on the obligations secured hereby, the assignee's remedy shall be foreclosure as if it held a mortgage."

Despite its language, there is no serious question that BNG took the assignment of the vendee's interest in the land contract only for the purposes of collateral. Wisconsin courts have long held that interests of vendees in land contracts may be assigned as security for the payment of money, and that assignees in such cases take the interest of a mortgagee. *Brayton v. Jones,* 5 Wis. 117 (1856); *Beebe v. Wisconsin Mortgage Loan Company,* 117 Wis. 328, 93 N.W. 1103 (1903); *Security State Bank v. Monona Golf Club,* 213 Wis. 581, 252 N.W. 287 (1934). The court in *Barr v. Granahan,* 255 Wis. 192, 38 N.W.2d 705 (1948), explained "[t]he purpose of the instrument is the controlling feature under all circumstances. If that is security and the facts of the matter are established in any action involving the subject, the instrument is treated as a mortgage and nothing else." 255 Wis. at 197, 38 N.W.2d 705.

Although the Wisconsin courts have encouraged broad construction of WIS.STAT. § 815.20 in favor of a debtor's homestead rights [2] the decisions cited above have explicitly stated that assignees of vendee's rights under land contracts take the interest of mortgagees. For the reasons discussed herein I must conclude that for the purposes of WIS.STAT. § 815.20(1) an assignment of vendee's interest under a land contract when made for security is a "mortgage." Therefore, the Bank of New Glarus' interest in debtor's homestead is excepted from the debtors' homestead exemption.

Upon the foregoing which constitute my findings of fact and conclusions of law, it is hereby

ORDERED, that plaintiff's request for relief from automatic stay is hereby granted.

---

**2.** The court in *In Re Neis,* 723 F.2d 584, 587 (7th Cir.1983) noted, "[t]here is a strong public policy in this state to protect the homestead exemption. Because of this public policy, homestead statutes are liberally construed in favor of the debtor, and homestead rights are preferred over the rights of creditors." (Quoting *Schwanz v.*

*Teper,* 66 Wis.2d 157, 163, 223 N.W.2d 896, 899 (1974).) *See also State Central Credit Union v. Bigus,* 101 Wis.2d 237, 241, 304 N.W.2d 148 (Ct.App.1981) ("Bankruptcy and homestead statutes are remedial legislation and, as such, are to be liberally construed in favor of the debtor." (Footnotes omitted.))