MUELLER and wife, Appellants, vs. NOVELTY DYE WORKS and another, Respondents.*

*September 14—October 9, 1956.*

* Motion for rehearing denied, with $25 costs, on December 4, 1956.

502

For the appellants there was a brief by *William F. Hayes,* attorney, and *Charlton, Yanisch & Binzak, Earl A. Charlton,* and *William A. Ritchay* of counsel, all of Milwaukee, and oral argument by *Mr. Hayes* and *Mr. Earl A. Charlton.*

For the respondents there was a brief and oral argument by *John L. Newman* and *Robert F. Kirst,* both of Milwaukee.

FAIRCHILD, C. J.  The contract of March 7, 1955, entered into by Eric Altnau with the Muellers for the sale of the

property was a binding, written agreement between the vendor and *bona fide* purchasers, satisfying the statute of frauds. It was in no way affected by the subsequent docketing in Fond du Lac county of the judgment in favor of respondents Novelty Dye Works and Mercury Insurance Company. The agreement was signed March 7, 1955. The transcript of the judgment was not docketed in Fond du Lac county until April 26, 1955, fifty days *after* Muellers had signed the contract, made a $1,000 down payment, and obtained from the bank a commitment for a mortgage loan of the balance of the purchase price, and forty-two days after the Muellers had taken physical possession of the premises.

The pertinent statute involved here is sec. 270.79 (1), Stats., which provides that:

"Every judgment, when properly docketed, . . . shall . . . be a lien on the real property . . . of every person against whom it is rendered and docketed, which he has at the time of docketing. . . ."

The ultimate question for decision on this appeal, therefore, is whether or not the real estate was the "real property" of the vendor, Eric Altnau, at the time the judgment was docketed in Fond du Lac county. If not, then the judgment of the circuit court must be reversed, and the relief prayed for by the vendees must be granted.

Respondents in their argument rely on a misconceived theory that the purchase price must be paid in full before the vendor is alienated from his title in the land.

"It is a great mistake, opposed to the fundamental notions of equity, to suppose that the equity maxim does not operate, and the vendee does not become equitable owner until and as far as he has actually paid the stipulated price. This erroneous view . . . shows a misconception of the whole equitable theory. . . . In truth, the vendee becomes equitable owner of the land, and the vendor equitable owner of purchase money, at once, upon the execution and delivery of the

contract, even before any portion of the price is paid. It is true that the vendee's equitable estate is incumbered or charged with a lien as security for the unpaid purchase price, and he, therefore, may, by the enforcement of this lien upon his final default in making payment, lose his whole estate, in the same manner as a mortgagor may lose his interest by a foreclosure. But this lien of the vendor is not inconsistent with the vendee's equitable estate, any more than the equitable lien of an ordinary mortgage is inconsistent with the mortgagor's legal estate." 1 Pomeroy, Eq. Jur. (4th ed.), p. 686, sec. 368, footnote 1.

In equity, then, the vendee, at the time the agreement is entered into, becomes the owner of the land; his equitable interest is in the property. The vendor becomes trustee of the legal title for the vendee; his (vendor's) interest is in the purchase money, and he has a lien on the land as security for any unpaid balance of such money.

We recognize that the facts in *Blaha v. Borgman,* 142 Wis. 43, 124 N. W. 1047, differ from those in the present case in so far as there the whole purchase price was paid before the docketing of the judgment. However, the principle of equitable conversion as applied there is equally applicable here (p. 46) : "The rule is thoroughly settled that a trust in land . . . if voluntarily executed by the trustee at any time . . . will become validated as of the date of the original oral agreement. Such a deed is said to relate back to the oral agreement and to take precedence over any interest meanwhile derived from the trustee by another not an innocent purchaser for value." The contract, therefore, becomes the principal thing. The completed transaction and every step in the transaction relates back to the date of the contract, and it is of no significance, in determining the interests of each party, that the full purchase price has not been paid before the docketing of the judgment, provided the contract itself is a valid binding agreement made between the parties before the docketing of the judgment. The vendee, from the

date of the contract, has full rights over the land and may sell it, incumber it, or devise it to his heirs as real estate. The vendor has no such rights.

It has been well established in this state, in cases where payment of the purchase price had not been paid in full before the docketing of a judgment, that the vendee, as of the date of the contract has the burdens as well as the rights of ownership. In *Ritchie v. Green Bay,* 215 Wis. 433, 254 N. W. 113, referring to *Williamson v. Neeves,* 94 Wis. 656, 69 N. W. 806, it was held that the vendee had the burden of taxes. In *Krakow v. Wille,* 125 Wis. 284, 103 N. W. 1121, it was held that the vendee was entitled to maintain trover or replevin for timber cut on the land without his consent. See also *Western L. & C. Co. v. Copper River L. Co.* 138 Wis. 404, 120 N. W. 277. In *Bartz v. Paff,* 95 Wis. 95, 69 N. W. 297, it was held that a judgment duly docketed against the *vendee* becomes a lien on his interest. If the vendor marries after entering into a land contract, his wife obtains no dower in the land. Anno. 63 A. L. R. 136. See also *Madigan v. Walsh,* 22 Wis. *501.

The decision of this court in *R. F. Gehrke Sheet Metal Works v. Mahl,* 237 Wis. 414, 297 N. W. 373, which is relied on by defendants, is in no way inconsistent with the foregoing conclusions. In that case, the docketing of the judgment was held to be a lien on real estate previously conveyed by the judgment creditor, because the conveyance was given merely to secure a debt, and was in legal effect a mortgage. Hence the grantor retained a mortgagor's interest in the land, which was his "real property" within the provisions of sec. 270.79 (1), Stats. The instant case is the converse; here Altnau's interest was equivalent to that of a mortgagee, not of a mortgagor, and hence was no longer his "real property" on which the judgment could become a lien.

In the instant case, then, the Muellers, appellants in possession under a valid contract dated March 7, 1955, and

signed before the docketing of the judgment in Fond du Lac county, had, on that date a right to a conveyance upon completion of their part of the contract. When the balance of the purchase price was paid and the deed to the real estate was delivered to the Muellers on June 3, 1955, the deed related back to the date of the original agreement of March 7, 1955. From the date of the contract Eric Altnau, the judgment debtor, had only a security title to the real estate equivalent to a mortgagee's interest, which was in the nature of personal property. *Colignon v. Artz,* 205 Wis. 51, 236 N. W. 585; 19 Am. Jur., Equitable Conversion, p. 15, sec. 15. Therefore, when the judgment was docketed in Fond du Lac county, the real estate was not the real property of Altnau within the meaning of sec. 270.79 (1), Stats.

Where, because of an unpaid purchase balance, the vendor has an interest in personalty equivalent to a mortgagee's interest, the vendor's interest may be dealt with by a judgment creditor as personal property, and that interest may be reached by proper procedure. But, the vendor having alienated himself from title to the land, and that title being in the vendee from the date of the contract, the real estate cannot be levied against to reach the vendor's interest in the personalty. The judgment creditors here do not have the protection of *bona fide* purchasers for value and without notice. *Stanhilber v. Graves,* 97 Wis. 515, 73 N. W. 48.

*By the Court.*—Judgment reversed. Cause remanded, with directions to grant a permanent injunction restraining the defendant, George H. Lemieux, sheriff of Fond du Lac county, from proceeding with an execution sale of the real property here involved, and to render judgment holding that the property is free from the lien of the judgment of the Novelty Dye Works and Mercury Insurance Company, with costs.