**UNITED STATES of America,
Plaintiff,**

v.

**Daniel W. GIWOSKY, d/b/a Fox Bay
Company, a/k/a Fox Bay Realty,
Defendant.**

**No. 72–C–490.**

United States District Court,
E. D. Wisconsin.

Oct. 13, 1972.

David J. Cannon, U. S. Atty., by David B. Bukey, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Burton A. Strnad, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The United States instituted this action under the Economic Stabilization Act of 1970, as amended, to enjoin alleged illegal rent increases by the defendant and to recover civil penalties. The government has moved for a temporary restraining order and a preliminary injunction; the defendant has moved to dismiss certain paragraphs of the complaint relating to rental units which he contends he does not own. Both of the foregoing motions have been briefed by the parties. In addition, the defendant has recently filed a motion for a preliminary injunction, and no briefs have been filed on the latter motion.

Of the nine rental units involved here, six units are components of three buildings referred to as 1628–1628A East Belleview, 1630–32 East Belleview and 2571A–2571B North Bartlett, all in the city of Milwaukee. In the rental period immediately before August 15, 1971, the period used for determining permissible increases under the Act, rents ranged from $70 to $90 per month. Effective September 1, 1972, those rents were increased to a range of $135 to $175 per month. The defendant concedes that such increases would violate the control provisions of the Act but asserts that he sold those properties before the increas-

es; therefore, he urges that he is not responsible.

Mr. Giwosky also contends that the purchasers of these properties are exempt from the controls under 101.-33(2)(iv) of the Act's regulations. The defendant relies on land contracts entered into with one Ronald Dassow for the two East Belleview buildings and one Fred Jager for the North Bartlett building and another building at 2571 North Bartlett. Violations are not alleged concerning the latter building. The defendant has submitted affidavits from Mr. Dassow and Mr. Jager declaring that they purchased those buildings in good faith, as the result of arms-length transactions. Neither Mr. Dassow nor Mr. Jager is a named defendant in this action.

The plaintiff admits the existence of these land contracts and concedes their effectiveness between the parties thereto. It contends, however, that the terms of those contracts and the continuing presence of the defendant in the relationship between the purported owners and the tenants demonstrate that the arrangements are mere artifices to allow Mr. Giwosky, the "true owner", to avoid the Act's controls. In support of its charge, the plaintiff cites low down payments, installment obligations in amounts strikingly similar to the new rents, provisions allowing the purchasers to "walk away" from the land contracts without liability, and provisions in Mr. Dassow's and Mr. Jager's letters to the tenants advising them to send their checks and refer their complaints, respectively, to the defendant.

It is clear in Wisconsin that a valid land contract operates to transfer equitable ownership immediately, although the vendor retains title as security for the purchase price. Mueller v. Novelty Dye Works, 273 Wis. 501, 78 N.W.2d 881 (1956). The land contracts in this case give strong support to the defendant's position that the vendees are responsible for the rent increases. I

find, therefore, that the plaintiff has failed to demonstrate its entitlement to pretrial injunctive relief on this ground.

It does not follow, however, that the defendant's motion to dismiss the paragraphs of the complaint referring to these properties should be granted. The plaintiff's charges, while not sufficient to justify preliminary relief, are sufficient to state a cause of action. Naked ownership is not the sole controlling factor under the Act. The rent provisions refer to "persons" and "lessors" and, I believe, are clearly designed to regulate any person who *in fact* is capable of directing rent increases. Thus, if the plaintiff can prove its accusations, this court would not be powerless to remedy violations of the Act simply because of the existence of an arrangement between the defendant and others where that arrangement is created by the defendant. Cf. Price Commission Ruling 1972–78 (February 25, 1972), 37 Fed.Reg. 4369 (1972).

■ The defendant also urges dismissal for failure to join Mr. Dassow and Mr. Jager as defendants. As previously noted, the government does not challenge the legality of the land contracts as between the parties; thus, if the government can prove its charges, the two land contract vendees stand to see forced rent reductions on properties in which they claim equitable ownership. This is a sufficient interest in the subject matter to necessitate their joinder under Rule 19(a), Federal Rules of Civil Procedure. The fact that they have not been joined, however, does not warrant dismissal. The plaintiff will be given a reasonable period of time to add the two necessary parties since there is no indication that they are not subject to service of process or that their joinder would deprive the court of jurisdiction over the subject matter. Window Glass Cutters League of America v. American St. Gobain Corporation, 428 F.2d 353, 355 (3d Cir. 1970); 3A J. Moore, Federal Practice ¶ 19.07–1[4], at 2255 (1970 ed.).

II.

There is no question but that the defendant owns the other three properties and is subject to the Act with regard to them. In each case rents were raised above the rate in effect for the period ending August 15, 1971, and in each case the rents were later rolled back retroactively. The defendant claims that the raises did not violate and were justifiable under the Act, but were rolled back voluntarily to avoid conflicts with the Internal Revenue Service. The plaintiff contends that the increases were violative of the Act and that the rollbacks were illusory in that the defendant has actually continued the increases in a camouflaged fashion.

■ A prima facie violation appears from the plaintiff's uncontradicted assertion that the defendant did not give the detailed notice required by §§ 301.-501–502 of the regulations in effect at that time. Failure to give notice is sufficient grounds for injunctive relief, despite a claimed rollback. See United States v. Cohl, F.Supp. (E.D.Wis. No. 72–C–471, decided September 20, 1972). The plaintiff also relies on the alleged actions of the defendant which were concurrent with the rollbacks as a basis for its demand for injunctive relief. The plaintiff has indicated in its brief on these motions that it is urging the issuance of a preliminary injunction rather than a temporary restraining order.

The plaintiff describes the property at 2460 North Frederick as a furnished house. The rent was raised from $135 to $215 per month before being rolled back. The defendant urges that the house was unfurnished at $135 and that the increase of $80 was justifiable. He says it constitutes an allowable percentage increase under the Act and is a legitimate addition for two parking spaces not previously included with the unit, with the balance due to a furniture lease not covered by the Act. Mr. Giwosky claims that he originally had reason to believe that the furniture rentals could be included in the lease of the realty,

but rolled back the rent to avoid a possible controversy with the government.

The government, however, claims that the increase was violative of the Act and that the rollback was contingent upon the defendant's tenants consenting to purchase the furniture. The government urges that the defendant's intent was to defeat the purposes of the Act.

Similar situations exist with regard to the properties at 2939 and 2471 North Cramer. The rents were raised from $175 to $185 and from $175 to $195 per month, respectively, before being rolled back. Here also the defendant claims that the increases were justifiable but were rolled back voluntarily to avoid controversy, but again, the plaintiff contends that the rollbacks are illusory. It appears that the parties entered into collateral agreements at the time of the rollbacks, which involved painting services to be performed by the defendant at 2939 North Cramer and the purchase of appliances at 2471 North Cramer.

 I find that an injunction should issue restraining the defendant from enforcing such collateral arrangements. The apartments at 2460 North Frederick and 2471 North Cramer were rented with the furniture and appliances. Although the tenants agreed to pay the higher rents, that does not resolve the matter. The federal rent controls are designed to protect the public generally, not only the specific tenants, from inflationary actions. The government has made a prima facie showing that the defendant had not complied with the act in raising the rents on the properties initially; therefore rollbacks were in order regardless of the amounts that the present tenants were willing to pay.

 The government's showing of attempts by the defendant to avoid the Act are sufficient to justify preliminary restraint. The government's exhibits, including affidavits of the tenants involved, suggest (1) that the "purchase" agreements between Mr. Giwosky and the tenants may not have been freely entered into by the tenants; (2) that those agreements covered the purchase of property which had originally been furnished with the properties; and (3) that the net effect of the arrangements produced total monthly payments by the tenants in the same amounts as the higher rents. Although the factual situation concerning the painting arrangement at 2939 North Cramer is different, the pattern of the conduct is sufficiently similar to warrant the same treatment.

The defendant's motion for a preliminary injunction is based on the contention that the government, through its agents, has impinged on the free contractual rights of various persons. I find no merit in the defendant's motion.

Therefore, it is ordered that the plaintiff's motion for a temporary restraining order be and hereby is denied.

It is also ordered that the defendant's motions to dismiss certain enumerated paragraphs of the complaint and for a preliminary injunction be and hereby are denied.

It is further ordered that the defendant be and hereby is preliminarily enjoined, until further order of the court, from assessing, demanding or receiving directly or indirectly, in any transaction, rents which are in excess of the rates recommended by the Economic Stabilization Act of 1970, as amended, and the applicable regulations, on the properties known as 2460 North Frederick, 2939 North Cramer (upper flat) and 2471 North Cramer (upper flat).

It is further ordered that the defendant be and hereby is preliminarily enjoined, until further order of the court, from enforcing or attempting to enforce any of the collateral arrangements referred to in this decision involving the sale of furniture, payment for painting, and the sale of appliances.

It is further ordered that the defendant be and hereby is preliminarily enjoined, until further order of the court, from increasing or attempting to increase rents for any of the above described properties without giving proper notification of the intended increases in

the manner required by the said regulations.

It is further ordered that the defendant be and hereby is preliminarily enjoined, until further order of the court, from evicting or attempting to evict the tenants of the above described properties and from interfering or attempting to interfere with peaceful occupancy by such tenants due to their failure or refusal to pay or agree to pay rents higher than the rents permitted under said regulations or in reprisal for their efforts in reporting alleged violations of the Economic Stabilization Act.

It is further ordered that the plaintiff shall attempt to serve an amended summons and complaint upon Mr. Dassow and Mr. Jager, naming them as parties defendant, within 20 days from this order.