In re James S. & Mary M. SZATKOWSKI, Debtors.

James L. ADASHEK, Trustee in Bankruptcy of James Stephen and Mary Marlene Szatkowski, Plaintiff,

v.

Leonard J. SZATKOWSKI & Ida F. Szatkowski, Defendants.

Bankruptcy No. 83–00639.
Adv. No. 83–0660.

United States Bankruptcy Court,
E.D. Wisconsin.

July 12, 1985.

James L. Adashek, Milwaukee, Wis., trustee-plaintiff.

Jack U. Shlimovitz, Milwaukee, Wis., for defendants.

Robert G. Dowling, Milwaukee, Wis., for Mary Genske.

## DECISION

D.E. IHLENFELDT, Bankruptcy Judge.

In this adversary proceeding, the plaintiff trustee seeks to avoid an unrecorded assignment of a vendor's interest in a land contract. The parties have submitted the case for decision on the following stipulated facts.

On or about April 30, 1981, the debtors, James and Mary Szatkowski as vendors, entered into a land contract with Ozaukee Investment Company as vendee, wherein they agreed to sell real estate in Washington County, Wisconsin for $125,000. The land contract itself was not recorded, but on May 6, 1981, a Memorandum of Land Contract dated April 30, 1981 was duly recorded in the office of Register of Deeds for Washington County. This transfer has not been challenged by any of the parties. The court is informed that the property has a value of approximately $125,000, and that there is an underlying mortgage in the amount of $85,000.

On or about October 5, 1982, the debtors assigned their interest in the land contract to Leonard and Ida Szatkowski, the parents of James Szatkowski, in consideration of $20,000 in cash. The assignment has not been recorded in the office of Register of Deeds for Washington County. On February 25, 1983, James and Mary Szatkowski filed a petition for relief under chapter 7 of the Bankruptcy Code.

The court must apply the law of Wisconsin in order to determine the rights of the parties.

The trustee, who is accorded the status of "a bona fide purchaser of real property ... from the debtor" by § 544(a)(3) of the Bankruptcy Code, asserts that the land contract assignment is void as to him by virtue of § 706.08(1) of the Wisconsin Statutes, which states that:

> "Every conveyance ... which is not recorded as provided by law shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate or any portion thereof whose conveyance shall first be duly recorded."

The defendant assignees, Leonard and Ida Szatkowski, contend that a vendor's interest in a land contract is personalty, that a transfer of that interest is not a "conveyance" within the meaning of § 706.08(1), and accordingly, that a failure to record the assignment does not impair its validity as against a bona fide purchaser of real estate.

Citing the case of *Mueller v. Novelty Dye Works*, 273 Wis. 501, 78 N.W.2d 881 (1956), the defendants argue that under the doctrine of "equitable conversion", as expounded in Wisconsin case law, "a land contract vendor's interest in real estate is *personal property*, not real property. The vendor holds the legal title as Trustee for the vendee. The vendee is the equitable owner of the land and the vendor is the equitable owner of the purchase money with a lien on the land for the balance due from time to time under the land contract."

The *Mueller* case dealt with the question of whether a judgment lien creditor of the land contract vendor would prevail as against the land contract vendee. The court ruled in favor of the vendee. In his article, "Equitable Conversion in Wisconsin," 1970 Wis.L.Rev. 404, 419, Professor W. Lawrence Church noted that "the case was decided simply through reference to equitable conversion: since the vendor's interest was only personalty, the judgment lien statutes, restricted to realty, did not apply at all." Professor Church criticized this simplistic application of the doctrine, pointing out that it had caused the court to fail to discuss important issues raised by

the case respecting "the goals and policies of the judgment lien statutes as well as the very difficult problems of required notice to the vendee, and of the possible splitting of debt and security." He stated:

"This use of the doctrine of equitable conversion, as noted, bears no logical connection to the original purposes of the doctrine. It caused the court to ignore what were the really important issues raised by the case, and it also helped create the possibility that the doctrine would be extended to solve the second distinct problem that can arise in land contract-judgment lien cases: resolution of disputes between two or more competing creditors of a single party to the land contract.

"Treatment of this second problem cannot turn on the expectation of the parties to the contract, for that is not at issue."

In the earlier case of *First National Bank of Stevens Point v. Chafee,* 98 Wis. 42, 73 N.W. 318 (1897), the factual situation was virtually the same as the situation in the case at bar. In the *Chafee* case, the assignee of a land contract commenced a foreclosure action against the vendee in possession, the vendor, and a subsequent mortgagee of the vendor. The mortgage was recorded. The land contract and the assignment thereof were not recorded, and the mortgagee had no knowledge of the assignment of the vendor's interest.

The recording statute in effect at the time provided that an unrecorded conveyance of real estate was void as against a subsequent purchaser in good faith. Even though the statutory definition of "conveyance" specifically excepted "executory contracts for the sale or purchase of land" from its meaning, the court nevertheless held that the unrecorded assignment of the vendor's interest was subordinate to the subsequent mortgage which was recorded first. The court said that the mortgagee

was a bona fide purchaser as against the plaintiff assignee, and although possession of the land by the vendee was notice to the mortgagee and the world as to his interest in the land, such constructive notice related only to the vendee's rights.

Chapter 706 of the Wisconsin Statutes, enacted long after the *Mueller* and *Chafee* cases, contains Wisconsin's present recording requirements. Section 706.01(1) provides that chapter 708 governs "every transaction by which any interest in land is created, aliened, mortgaged, assigned or may be otherwise affected in law or in equity." A "conveyance" is more broadly defined in § 706.01(3) of that chapter as "a written instrument evidencing a transaction governed by this chapter," i.e., an instrument creating or transferring "any interest in land." The definition no longer excepts "executory contracts for the sale or purchase of land" from its meaning. As noted above, a conveyance as so defined, which is not recorded, is void as against a subsequent bona fide purchaser for value.

The Honorable James E. Shapiro, a judge of this court, recently addressed a similar situation in the case of *In re Hoeppner,* 49 B.R. 124 (1985). In that case, the debtor had assigned his interest as vendor in five land contracts on five separate parcels of real estate. All of the land contracts and assignments were recorded with the Register of Deeds. As in this case, the trustee in *Hoeppner* asserted that he had priority over the debtor's assignee by virtue of the doctrine of equitable conversion. He contended that the land contract vendor's interest was personal property, and that the assignee's failure to file a financing statement with the Secretary of State, as required by Wis.Stats. § 409.401(1)(c), rendered the assignee's interest subordinate to that of the trustee under the strong-arm provisions of § 544(a) of the Bankruptcy Code.[1] After discussing the apparent con-

---

1. Chapter 409 of the Wisconsin Statutes is the counterpart of Article 9 of the Uniform Commercial Code.

§ 544(a) gives the trustee the rights of a hypothetical judicial lien creditor which are superior

to the rights of an unperfected security interest holder.

In the case at bar, no financing statement covering the land contract or the land contract assignment was filed in accordance with Wis.

flict between Wis.Stats. § 409.104(10) and Wis.Stats. § 409.102(3) in the context of a land contract vendor's interest,[2] Judge Shapiro said,

"Too much emphasis has been placed upon the fact that a land contract vendor's interest is personal property. This does not alter the fact that this interest is also 'an interest in or lien on real estate' within the meaning of Wisconsin Stats. 409.104(10)."

Citing *Burke v. Hoffman*, 28 N.J. 467, 147 A.2d 44 (1958), he stressed the fact that parties tracing the history of a title in land would not be expected to examine records in the Office of the Secretary of State. He held that neither the land contract vendor's interest nor the assignment thereof are subject to Article 9 of the Uniform Commercial Code, and that the appropriate place for recording such interests is the office of the Register of Deeds of the county in which the land is located, in accordance with Chapter 706 which deals with transfers of interests in land and the recording thereof.

■ The decision of the Wisconsin court in the *Chafee* case, the change in the statutory definition of the term "conveyance", and the reasoning of Judge Shapiro in the *Hoeppner* case are persuasive that the Wisconsin courts would rule that the assignment of a vendor's interest in a land contract is a transaction by which an interest in land is assigned, and that it is governed by the recording requirements contained in chapter 706 of the Wisconsin Statutes. Since the assignment of the vendor's interest in the case at bar was not recorded in the office of the Register of Deeds of Washington County, the court must hold, as in the *Chafee* case, that the assignees' claim upon and interest in the land in question is subject and subordinate to that of the trustee.

This decision shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

---

Stats. § 409.401(1)(c). The parties have not addressed the question of whether, assuming the assignment is personalty, Wisconsin law requires some record notice of the assignment, the absence of which renders it voidable by the trustee.

**2.** § 409.104—*Transactions excluded from chapter*

This chapter does not apply:

(10) * * * to the creation or transfer of an interest in or lien on real estate—".

§ 409.102(3) The application of this chapter to a security interest in a secured obligation is not affected by the fact that the obligation is itself secured by a transaction or interest to which this chapter does not apply.