In re ROUGE INDUSTRIES, INC., et al., Debtors.

Shiloh Industries, Inc., Shiloh Corporation, Liverpool Coil Processing, Inc., Medina Banking, Inc., Sectional Stamping, Inc., Greenfield Die & Manufacturing Corp., Shiloh Automotive, Inc., and the Sectional Die Co. Plaintiffs,

v.

Rouge Industries, Inc., and Rouge Steel Co. Defendants.

Bankruptcy No. 03–13272 (MFW). Adversary No. 05–50505.

United States Bankruptcy Court, D. Delaware.

June 22, 2005.

Gregory W. Werkheiser, Esquire, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Rouge Industries, Inc., et al.

Marla Rosoff Eskin, Esquire, Campbell & Levine, LLC, Wilmington, DE, Jeffrey W. Krueger, Esquire, Wegman, Hessler & Vanderburg, Cleveland, OH, for Shiloh Industries, Inc., et al.

### MEMORANDUM OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion of Rouge Industries, Inc., and Rouge Steel Co. ("Rouge"), to dismiss the complaint of Shiloh Industries, Inc., et. al. ("Shiloh") for failure to join a necessary party. For the reasons stated herein, the Court will deny the Motion and direct that Shiloh amend its Complaint to join Severstal North America, Inc. ("Severstal") as a party defendant.

## I. BACKGROUND

Shiloh and Rouge had business dealings for several years. Shiloh and its affiliates purchased steel from Rouge and its affiliates. Similarly, Rouge and its affiliates purchased goods and services from Shiloh and its affiliates. By letter dated October 1, 2002, Shiloh and Rouge agreed to permit the offset of debts between their respective affiliates without the necessity for mutuality. That agreement specifically stated that it would be enforceable under section 553 of the Bankruptcy Code in the event that either party filed bankruptcy.

On October 23, 2003, Rouge and several affiliates filed voluntary petitions under chapter 11 of the Bankruptcy Code. Prior to that date, Rouge had sued Shiloh in Michigan for approximately $3.5 million and Shiloh had sued Rouge in Ohio for more than $3.7 million. Neither the Michigan nor the Ohio lawsuits had proceeded beyond the initial stages at the time Rouge filed bankruptcy.

Shortly after filing bankruptcy, Rouge and the other debtors filed a motion to sell substantially all their assets, including accounts receivable, to Severstal pursuant to an Asset Purchase Agreement ("the APA"). On December 30, 2003, the Court authorized the sale, which closed on January 30, 2004.

In the interim, on December 31, 2003, Shiloh filed a Motion for relief from the automatic stay to prosecute its collection action against Rouge in Ohio. Rouge objected to that Motion. On March 1, 2004, Rouge and Severstal—not Shiloh—stipulated that the account receivable owed by Shiloh to Rouge had been transferred to Severstal under the APA. As a result, Severstal is suing Shiloh in Michigan for collection of the account receivable.

On March 2, 2005, Shiloh filed the instant adversary proceeding against Rouge

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

seeking a declaration that it had offset the corresponding payables and receivables between it and Rouge prior to the petition date, that the sums owing from Shiloh to Rouge were not transferred to Severstal, and that Shiloh continues to have the right to offset mutual debts between it and Rouge. Rouge filed its Motion to Dismiss the Complaint for failure to join a necessary party on April 4, 2005. Briefing is complete and the matter is ripe for decision.

## II. JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 & 157(b)(2)(A), (B), & (O).

## III. DISCUSSION

### A. Standard of Review

■ "The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *Koninklijke Numico N.V. v. Keb Enters. LP*, No. 02–1529, 2003 WL 1746404 at *1, 2003 U.S. Dist. LEXIS 5135 at *2 (D.Del.2003). Thus, for purposes of ruling on a motion to dismiss, the allegations as stated in the complaint are taken to be true. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n. 2 (7th Cir.2001); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1011 (3d Cir.1987).

■ When a motion to dismiss is brought pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure, the defendant has the burden of demonstrating that a party must be joined for a just adjudication. *Ploog v. HomeSide Lending, Inc.*, 209 F.Supp.2d 863, 873 (N.D.Ill.2002). Rule 19 "is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case." *Local 670, United Rub-*

*ber, Cork, Linoleum & Plastic Workers of Am. v. Int'l Union, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 822 F.2d 613, 618 (6th Cir.1987). "When making a Rule 19 determination, the Court may consider evidence outside of the pleadings." *Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, 201 F.R.D. 337, 340 (D.Del.2001).

### B. Rule 19

Rouge seeks a dismissal of the Complaint for failure to join Severstal as a necessary party. To add Severstal as a party to this proceeding, Rule 19(a) requires:

> A person ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Fed.R.Civ.P. 19(a); Fed. R. Bankr.P. 7019.

### 1. Is Severstal a Necessary Party?

■ Shiloh seeks a declaratory judgment that the claim of Rouge against it continues to be the property of Rouge and was not transferred to Severstal under the APA. Shiloh asserts that, because its receivable was the subject of a pre-petition collection action, it was an asset excluded from the sale by the terms of the APA. Severstal and Rouge have stipulated that: "The [action filed by Rouge against Shiloh]

was a claim of the Debtors arising out of and/or related to, among other things, Accounts Receivables as of the closing of the Asset Sale pursuant to the APA.... [and] was transferred to Severstal as part of the Asset Sale ...." Accordingly, both Rouge and Severstal agree that Shiloh's indebtedness to Rouge was an asset that Rouge transferred to Severstal under the APA.

 It is not necessary for the Court to decide that issue, however, for it to conclude that Severstal is a necessary party to that decision. A determination of ownership to assets allegedly transferred between a buyer and a seller should not be attempted without both parties to the transaction being before the court. *E.g., Steel Valley Auth.,* 809 F.2d at 1012–13 (holding that the assignee of a real property interest must be joined in a suit to obtain an injunction that would require the property be maintained in its current condition); *Walton v. United States,* 415 F.2d 121, 124–25 (10th Cir.1969) (stating that to be necessary, a party must have an interest in the specific property being adjudicated in the lawsuit); *Fagan Enter., Inc. v. Constantin Land Trust,* No. 98–333, 1998 WL 352171 at, *2, 1998 U.S. Dist LEXIS 9992 at *6 (E.D.La.1998) (reciting that courts should not hesitate to join parties that claim an ownership interest in property); *Cross Timbers Oil Co. v. Rosel Energy, Inc.,* 167 F.R.D. 457, 460 (D.Kan.1996) ("Generally, when multiple parties claim ownership interests in the same property ... all potential claimants must be joined to provide complete relief and protect the interests of the absent parties."); *United States v. Giwosky,* 349 F.Supp. 1200, 1203 (E.D.Wis.1972) (holding that the purchaser of an apartment building was a necessary party when the government claimed the sale was an artifice and sought to sue the seller to enjoin illegal rent increases); 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1613 (3d ed. 2005) ("[W]hen the validity of the assignment itself is at issue, the assignor's joinder may be required.").

Shiloh argues that Severstal's interest in this action does not merit a finding that Severstal is a necessary party because Severstal has not moved to intervene and because Severstal does not have any interest in the amount of money Rouge allegedly owes Shiloh. The fact that Severstal might have refused to intervene, however, does not mean Severstal is not a necessary party under Rule 19.

Severstal claims ownership of Rouge's accounts receivable. Shiloh seeks a determination that Rouge, not Severstal, owns the receivable due from Shiloh. Consequently, the Court concludes that Severstal is a necessary party to Shiloh's action because Severstal "claims an interest related to the subject of the action and is so situated that the disposition of the action in [Severstal's] absence may ... as a practical matter impair or impede [Severstal's] ability to protect that interest." Fed. R.Civ.P. 19(a); Fed. R. Bankr.P. 7019.

### 2. *Is Joinder Feasible?*

Where a party is necessary, Rule 19(a) provides that "If the person has not been so joined, the court shall order that the person be made a party." Rouge asserts, however, that the Complaint must be dismissed because Shiloh did not seek to join Severstal. Shiloh asserts that Severstal is not necessary and that relief can be granted in the adversary in Severstal's absence. Alternatively, Shiloh states that Severstal can be joined.

 It is only if joinder is not feasible that the Court should consider dismissing the action or fashioning some other remedy if the action proceeds after considering

the factors in Rule 19(b).[2] *E.g., Acierno v. Preit–Rubin Inc.*, 199 F.R.D. 157, 164 (D.Del.2001) ("[I]f joinder would raise problems of personal or subject matter jurisdiction, the court must then 'determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable'.") (citation omitted).

█ If Severstal's joinder is feasible, however, then Rule 19(a) requires that it shall be joined as a party. For joinder to be feasible, the Court must have both personal and subject matter jurisdiction. *E.g., PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir.2001) ("If the party is deemed necessary for the reasons enumerated in Rule 19(a), the court must next consider whether the party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction."); 4 James Wm. Moore et al., *Moore's Federal Practice— Civil* § 19.02[3][b] (3d ed.2005) (stating that joinder is not feasible unless the court can exercise both subject matter and personal jurisdiction).

### a. *Personal Jurisdiction*

█ The APA between Rouge and Severstal specifically contemplates that this Court will retain jurisdiction to enforce the terms of the APA "and to decide (insofar as they relate to Sellers) any claims or disputes which may arise or result from, or be connected with, this Agreement ...." (APA § 8.17.) Thus, Severstal has consented to this Court's jurisdiction to hear this issue, which concerns the effect of the APA. As a result, this Court has personal jurisdiction over Severstal.

### b. *Subject Matter Jurisdiction*

█ Simply including retention of jurisdiction language in the APA, however, does not confer subject matter jurisdiction on the Court. *E.g., Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 160 (3d Cir.2004) ("Retention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction. But neither the bankruptcy court nor the parties can write their own jurisdictional ticket. Subject matter jurisdiction 'cannot be conferred by consent' of the parties.") (citation omitted).

█ The Court's subject matter jurisdiction in this case is not solely dependent on the retention of jurisdiction provision in the APA. The district courts have original and exclusive jurisdiction of all cases under title 11 and original, but non-exclusive jurisdiction of all civil proceedings arising under, arising in, or related to a case under title 11. 28 U.S.C. § 1334. The District Court has referred that jurisdiction to the Bankruptcy Court. 28 U.S.C. § 157(a). Controversies arise *in* title 11 when they "have no existence outside of the bankruptcy." *United States*

---

**2.** Rule 19(b) provides:

If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b); Fed. R. Bankr.P. 7019.

*Tr. v. Gryphon at the Stone Mansion, Inc.,* 166 F.3d 552, 555 (3d Cir.1999). Claims arise *under* title 11 if the claims "clearly invoke substantive rights created by bankruptcy law." *Glinka v. Fed. Plastics Mfg., Ltd. (In re Housecraft Indus. USA, Inc.),* 310 F.3d 64, 70 (2d Cir.2002). A proceeding is *related to* a bankruptcy case when "*the outcome of that proceeding could conceivably have any effect on the estate* .... [and] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) ...." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (emphasis in original). *See also Belcufine v. Aloe,* 112 F.3d 633, 636 (3d Cir.1997) (same).

This Court has subject matter jurisdiction over this dispute because Shiloh seeks a determination of whether Rouge transferred assets of its estate to Severstal pursuant to the APA. Whether the account receivable was transferred to Severstal affects the amounts that Rouge will have to pay to Shiloh. The determination of that issue will affect the administration of Rouge's bankruptcy estate and property in which Rouge has an interest. Consequently, the adversary proceeding is related to the administration of the estate and the Court has jurisdiction.

 Because Severstal is a necessary party to this litigation and because its joinder is feasible, the Court will order the joinder of Severstal as a defendant.

## C. *Attorneys' Fees*

 Rouge requests, in the event the Court allows Shiloh to amend its Complaint rather than dismisses the Complaint, that it be awarded attorneys' fees for the prosecution of its motion. It asserts it requested that Shiloh join Severstal but Shiloh unjustifiably refused.

The Court declines to award attorneys' fees finding that the circumstances of this case are insufficient to depart from the American Rule that each party to litigation should bear its own costs. *See, e.g., F.D. Rich Co. v. Indus. Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974) (explaining the basis for the American Rule and its exceptions).

## IV. CONCLUSION

For the reasons stated above, the Court will deny Rouge's motion to dismiss Shiloh's Complaint for failure to join a necessary party and will direct Shiloh to amend its Complaint to join Severstal as a party defendant pursuant to Rule 19(a).

An appropriate Order is attached.

## ***ORDER***

AND NOW, this **22nd** day of **JUNE, 2005,** upon consideration of the Motion to Dismiss filed by Rouge Industries, Inc. and Rouge Steel Co., and the response thereto filed by Shiloh Industries, Inc. et al., and for the reasons set forth in the Memorandum Opinion of this same date, it is hereby

**ORDERED** that the Motion will be **DENIED;** and it is further

**ORDERED** that Shiloh shall amend its Complaint to join Severstal North America, Inc., as a party defendant within thirty days of this Order.