ELECTRONIC CITATION:  2006 FED App. 0004P (6th Cir.)
File Name:  06b0004p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:   THICKSTUN BROTHERS EQUIPMENT CO., INC., | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| THICKSTUN BROTHERS EQUIPMENT CO., INC., | ) | No. 05-8054 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ENCOMPASS SERVICES CORPORATION, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division at Columbus.
No. 03-61982.

Argued:  February 1, 2006

Decided and Filed:  June 2, 2006

Before: GREGG, SCOTT, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  Michael D. Bornstein, RICKETTS CO., L.P.A., Pickerington, Ohio, for Appellant. Charles F. Merz, CHARLES F. MERZ & ASSOCIATES, Louisville, Kentucky, for Appellee. **ON BRIEF:** Michael D. Bornstein, RICKETTS CO., L.P.A., Pickerington, Ohio, for Appellant. Charles F. Merz, CHARLES F. MERZ & ASSOCIATES, Louisville, Kentucky, for Appellee.

---

**OPINION**

---

JAMES D. GREGG, Bankruptcy Appellate Panel Judge. Thickstun Brothers Equipment Co., Inc. (the "Debtor") appeals a bankruptcy court order denying its motion for interpretation and clarification of its confirmed chapter 11 plan (the "Motion for Interpretation") for lack of jurisdiction. For the following reasons, the court's jurisdictional determination is AFFIRMED in part, REVERSED in part, and REMANDED.

## I.   ISSUES ON APPEAL

The issues on appeal are whether the bankruptcy court erred in holding: (1) that it lacked subject matter jurisdiction to determine whether the Debtor's failure to object to a creditor's claim was entitled to preclusive effect in pending state court litigation, and (2) that it lacked subject matter jurisdiction to interpret the Debtor's confirmed chapter 11 plan as preserving the Debtor's right to object to the creditor's claim in the bankruptcy proceeding.

## II.   JURISDICTION AND STANDARD OF REVIEW

For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989). Thus, the bankruptcy court's order denying the Debtor's motion for lack of jurisdiction constitutes a "final" order, *see, e.g., IBM Credit Corp. v. Compuhouse Sys., Inc.*, 179 B.R. 474, 475 (W.D. Pa. 1995), *aff'd*, 85 F.3d 612 (3d Cir. 1996) (Table), and may be appealed as of right. 28 U.S.C. § 158(a)(1). The United States District Court for the Southern District of Ohio has authorized appeals to the Bankruptcy Appellate Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). Accordingly, the Panel has jurisdiction to decide this appeal.

The bankruptcy court's determination that it lacked subject matter jurisdiction over the Debtor's Motion for Interpretation is reviewed de novo. *See Gordon Sel-Way, Inc. v. United States (In re Gordon Sel-Way, Inc.)*, 270 F.3d 280, 284 (6th Cir. 2001). "De novo means that the appellate court determines the law independently of the trial court's determination." *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001).

## III. FACTS

The Debtor and Encompass Services Corporation, f/k/a Reliable Mechanical, Inc. ("Encompass") hold claims against each other stemming from alleged breaches of a construction contract at the Rickenbacker Air National Guard Base near Columbus, Ohio. In December 1997, Encompass initiated litigation of its claims against the Debtor and the Debtor's surety in the Circuit Court of Jefferson County, Kentucky. The Debtor filed a counterclaim against Encompass in the Kentucky litigation. In January 2000, the Debtor also filed an action against Encompass's surety in the United States District Court for the Southern District of Ohio (the "Miller Act Case").

On August 8, 2003, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor's schedules listed Encompass's claim as disputed, contingent, and unliquidated. On September 30, 2003, Encompass filed an $860,000 proof of claim, representing the amount of its breach of contract claims against the Debtor.

The Debtor filed its first amended plan of reorganization (the "Plan") on April 8, 2004, and the bankruptcy court entered an order confirming the Plan on June 17, 2004. The Plan requires the Debtor to object to claims within sixty days after its effective date. The Debtor concedes that it did not file an objection to Encompass's claim by the deadline specified in the Plan (or at any time thereafter). However, the Debtor asserts that language in its Plan and Disclosure Statement indicates that Encompass's claim is disputed and will be litigated in proceedings outside of the bankruptcy court. Specifically, the Plan provides that "[a] party whose Claim was listed as disputed, contingent and/or unliquidated in Debtor's schedules before the proof of Claim bar date shall not have an Allowed Claim unless agreed to by the Debtor . . . ." (Plan art. I.3.; J.A. at 3.) The Plan also defines the terms "Miller Act Case" and "Miller Act Recovery" and establishes a distribution scheme for the

potential Miller Act Recovery. (Plan art I.16-17, IV.3-.4; J.A. at 4-5, 9-11.) The Debtor's Disclosure Statement contains a slightly more detailed description of the Debtor's claim in the Miller Act Case. The Disclosure Statement also identifies potential counterclaims against the Debtor and states the Debtor's belief that any such claims are without merit.

The Plan further provides that the bankruptcy court will retain post-confirmation jurisdiction for certain purposes, including to "determine the classification, validity and amount of, or to allow or disallow, any and all Claims herein to which any party to these proceedings, including the Debtor, objects," to "hear and determine controversies concerning and to adjudicate interests in the property of or transferred by the Debtor," and to "secure execution of the provisions of this Plan." (Plan art. XII.E; J.A. at 16.) Paragraph 13 of the confirmation order also states: "This Court retains jurisdiction over post confirmation matters as set forth in 11 U.S.C. §§ 1141 to 1146, as required by the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, or as set forth in the confirmed Plan." (J.A. at 127.)

On September 27, 2004, Encompass filed a motion for summary judgment in the Kentucky state court litigation. Encompass's motion asserted that the res judicata effect of the Debtor's failure to object to Encompass's claim barred the Debtor from defending against Encompass's alleged cause of action in the Kentucky litigation. In response to the state court motion for summary judgment, the Debtor filed its Motion for Interpretation in the bankruptcy court. The Debtor's motion states:

> Debtor is hereby requesting that the Court interpret the provisions of the Plan and Disclosure Statement and determine that the Plan and Disclosure Statement provided sufficient notice to Encompass that the Debtor objected to its claim and that its claim was not conclusively allowed in this Bankruptcy Proceeding in the amount of $860,000.00. Specifically, Debtor would request that the Court find under the circumstances, that Debtor's objection to Encompass' claim as noted in the Plan and Disclosure Statement sufficiently established that Debtor did not intend to waive its rights to challenge Encompass' claims in The Miller Act Case or in any other litigation.

(J.A. at 138-39.)

The bankruptcy court held hearings on the Debtor's motion on June 22 and 30, 2005. At the hearings, the bankruptcy court asked the Debtor's attorneys to articulate the precise relief the Debtor was seeking through its motion. The Debtor's special counsel replied: "I think the Court in

Kentucky is looking for a statement by the Bankruptcy Court that the [Debtor's] failure . . . to object to Encompass's claim, either is or is not res judicata in his Court." (J.A. at 310.)

On July 1, 2005, the bankruptcy court entered an order denying the Motion for Interpretation for lack of subject matter jurisdiction. The court described the relief sought by the Debtor as follows:

> In the instant Motion, the Debtor seeks a declaration pursuant to sections 105 and 1142 of the United States Bankruptcy Code ("Code") that its failure to file a timely objection to the Encompass claim, under the terms of its confirmed plan, is not entitled to preclusive effect in the cause of action pending in Kentucky.

(J.A. at 194.) The court noted that, under the terms of the Plan, it only retained jurisdiction over disputes involving claims "*to which any party to these proceedings, including the Debtor, objects . . . .*" (J.A. at 193) (emphasis in original). Because the Debtor had not objected to Encompass's claim within the time period specified in the Plan, the court found that resolution of the issue presented in the Debtor's motion "exceed[ed] the post confirmation jurisdiction retained under the terms of the confirmed plan." (J.A. at 194.) Accordingly, the court concluded that it had no jurisdiction to provide the relief requested in the Motion for Interpretation. This timely appeal followed.[1]

## IV.   DISCUSSION

A.  Subject Matter Jurisdiction.

The jurisdictional framework that applies in bankruptcy cases is frequently confusing and difficult to apply. *See Harstad v. First Am. Bank (In re Harstad)*, 155 B.R. 500, 505 (Bankr. D. Minn. 1993) (bankruptcy jurisdiction is "among the most misunderstood and misapplied concepts in the law"). In the present appeal, the difficulty of the jurisdictional analysis is compounded by the fact that the Debtor's Motion for Interpretation sought two distinct types of relief. First, the Debtor requested that the bankruptcy court determine that its failure to object to Encompass's claim was not

_____

[1] After entry of the order denying the Debtor's Motion for Interpretation, the Debtor filed a second chapter 11 petition in the United States Bankruptcy Court for the Southern District of Ohio. On February 27, 2006, the bankruptcy court entered an agreed order granting relief from the automatic stay in the second case to allow this appeal to proceed.

entitled to preclusive effect in the Kentucky state court litigation. This is the aspect of the Motion for Interpretation that was emphasized by Debtor's counsel at the hearing, and it was understandably the focus of the bankruptcy court's order denying the Debtor's motion. Without question, the court's conclusion that it lacked jurisdiction to enter such an order was correct. *See Midway Motor Lodge of Elk Grove v. Innkeepers' Telemanagment & Equip. Corp.*, 54 F.3d 406, 409 (7th Cir. 1995) ("In the law of preclusion . . . the court rendering the first judgment does not get to determine that judgment's effect; the second court is entitled to make its own decision . . . ."); *Gagliardi v. Am. Home Prods. Corp.*, 29 F.Supp.2d 972, 974-75 (E.D. Wis. 1998) (federal court issuing judgment lacks jurisdiction to determine judgment's preclusive effect in second proceeding because such a determination would constitute an impermissible advisory opinion); *see generally Transp. & Transit Assocs. v. Columbus Steel Castings Co. (In re Buckeye Steel Castings Co., Inc.)*, 306 B.R 186, 188 (B.A.P. 6th Cir. 2004) ("The power of federal courts extends only to cases and controversies, U.S. Const. art. III, § 2, cl. 1 . . . .;" accordingly, the bankruptcy court lacked jurisdiction to issue an advisory opinion).

But the Debtor's motion also asked the bankruptcy court to interpret its Plan and Disclosure Statement as preserving its right to challenge Encompass's claim in the bankruptcy case, notwithstanding its failure to file a formal objection to the claim. Under the applicable jurisdictional statute, 28 U.S.C. § 1334, and the terms of the Plan, the bankruptcy court had jurisdiction to make that determination.

"The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157." *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 161 (3d. Cir. 2004) (quoting *United States Brass Corp. v. Travelers Ins. Group, Inc. (In re United States Brass Corp.)*, 301 F.3d 296, 303 (5th Cir. 2002)); *Refrigerant Reclamation Corp. of Am. v. Todack (In re Refrigerant Reclamation Corp. of Am.)*, 186 B.R. 78, 80 (Bankr. M.D. Tenn. 1995). Pursuant to 28 U.S.C. § 1334, the district courts have jurisdiction over "cases under title 11," and proceedings "arising under," "arising in a case under," or "related to a case under" title 11. 28 U.S.C. § 1334(a) and (b). The district courts routinely refer this jurisdiction over bankruptcy cases and proceedings to the bankruptcy courts. *See* 28 U.S.C. § 157(a). Because these categories operate conjunctively to form the scope of bankruptcy jurisdiction, it is not necessary to distinguish among them. *Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1141

(6th Cir. 1991) (citation omitted). Instead, to determine whether a matter is within the bankruptcy court's jurisdiction, "it is necessary only to determine whether [the] matter is at least 'related to' the bankruptcy." *Id*.

The seminal definition of "related" proceedings under § 1334(b) was articulated by the Third Circuit Court of Appeals in *Pacor, Inc. v. Higgins (In re Pacor)*, 743 F.2d 984 (3d Cir. 1984). Under the *Pacor* definition, a matter is "related to" the underlying bankruptcy case if "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*." *Id*. at 994 (emphasis in original). Thus, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*. The Sixth Circuit has adopted and utilized the *Pacor* definition in numerous decisions. *See, e.g., Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482, 489 (6th Cir. 1996); *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 482 (6th Cir. 1992); *In re Wolverine Radio Co.*, 930 F.2d at 1142; *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 584 (6th Cir. 1990).

The *Pacor* test for determining "related to" jurisdiction was formulated, and is most often applied, in the pre-confirmation context. When jurisdictional questions arise after confirmation of a plan of reorganization, courts have acknowledged that the *Pacor* test, which looks for any conceivable effect on the bankruptcy *estate*, becomes difficult to apply and may unduly restrict bankruptcy court jurisdiction.[2] *See In re Resorts Int'l, Inc.*, 372 F.3d at 164-65; *Holly's, Inc. v. City of Kentwood (In re Holly's, Inc.)*, 172 B.R. 545, 558 (Bankr. W.D. Mich. 1994), *aff'd*, 178 B.R. 711 (W.D. Mich. 1995). Recognizing these problems, other "circuit and bankruptcy courts have

_____

[2] Indeed, literal application of the *Pacor* test would virtually eliminate the bankruptcy courts' post-confirmation jurisdiction because the debtor's estate technically ceases to exist once confirmation occurs. *See* 11 U.S.C. § 1141(b) (Except as otherwise provided in the plan or order confirming the plan, confirmation "vests all of the property of the estate in the reorganized debtor."); *In re Resorts Int'l, Inc.*, 372 F.3d at 165. Although courts generally agree that "the scope of bankruptcy court jurisdiction diminishes with plan confirmation," they have refused to apply the *Pacor* test "so literally as to entirely bar post-confirmation bankruptcy jurisdiction." *In re Resorts Int'l, Inc.*, 372 F.3d at 164-65 (citing numerous cases upholding the exercise of post-confirmation jurisdiction and noting that "[p]ost-confirmation jurisdiction is assumed by statute [11 U.S.C. § 1142(b)] and rule [Fed. R. Bankr. P. 3020(d)]").

modified or limited the [*Pacor*] test when the proceeding arises post-confirmation." *See Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005). The Third Circuit recently reviewed the approaches various courts have employed in analyzing post-confirmation bankruptcy jurisdiction and concluded that "the essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter." *In re Resorts Int'l, Inc.*, 372 F.3d at 166-67. It further suggested that "[m]atters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus."[3] *Id*. at 167.

Retention of jurisdiction provisions, such as those in the Debtor's Plan, do not alter the overall scope of the bankruptcy court's post-confirmation jurisdiction.[4] The principles that compel

---

[3] This standard has been expressly adopted by the Ninth Circuit and is generally consistent with the tests articulated by other courts. *See*, *e.g.*, *In re Pegasus Gold Corp.*, 394 F.3d at 1195 ("[W]e adopt and apply the Third Circuit's 'close nexus' test for post-confirmation 'related to' jurisdiction, because it recognizes the limited nature of post-confirmation jurisdiction but retains a certain flexibility . . . ."); *Eubanks v. Esenjay Petroleum Corp.,* 152 B.R. 459, 464 (E.D. La. 1993) ("[T]here is no dispute that a bankruptcy court's jurisdiction . . . continues post-confirmation 'to protect its confirmation decree, to prevent interference with the execution of the plan and to aid otherwise in its operation.'") (quoting *In re Dilbert's Quality Supermarkets, Inc.*, 368 F.2d 922, 924 (2d Cir. 1966)); *Trans World Airlines, Inc. v. Karabu Corp.*, 196 B.R. 711, 714 (Bankr. D. Del. 1996) (the bankruptcy court "has subject matter jurisdiction over any proceeding that conceivably could affect [the debtor's] ability to consummate the confirmed plan") (citation omitted).

[4] In a decision issued several years ago, the Sixth Circuit Court of Appeals identified a split of authority regarding the effect of retention of jurisdiction provisions. *Gordon Sel-Way, Inc. v. United States (In re Gordon Sel-Way, Inc.)*, 270 F.3d 280, 288 (6th Cir. 2001) ("[A]lthough it is true that some courts have restricted the bankruptcy court's jurisdiction to the plan of reorganization, this practice has been explicitly rejected by others.") (comparing *Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993) ("A bankruptcy court retains post-confirmation jurisdiction in a chapter 11 proceeding only to the extent provided in the plan of reorganization.") with *Refrigerant Reclamation Corp. of Am.*, 186 B.R. at 80 (decisions which define post-confirmation jurisdiction solely by reference to the plan do so "without proper respect for the broad jurisdictional grant in 28 U.S.C. § 1334(a) & (b)")). After the *Johns-Manville* decision, the vast majority of courts have refused to define the bankruptcy court's jurisdiction solely on the basis of retention of jurisdiction provisions in a confirmed plan. *See, e.g.*, *In re Resorts Int'l, Inc.*, 372 F.3d at 161; *Shiloh Indus., Inc. v. Rouge Indus., Inc. (In re Rouge Indus., Inc.)*, 326 B.R. 55, 60 (Bankr. D. Del. 2005); *Diagnostic Int'l, Inc. v. Aerobic Life Prods. Co. (In re Diagnostic Int'l , Inc.)*, 257 B.R. 511, 514 (Bankr. D. Ariz. 2000). Given the weight of this well-reasoned authority, this Panel has adopted the analysis set forth by the Third Circuit in *Resorts International*. This analysis is not inconsistent with the Sixth Circuit's decision in *Gordon Sel-Way*.

this conclusion can be simply stated. First, it is well-established that the bankruptcy court's subject matter jurisdiction derives from 28 U.S.C. § 1334, and not from the terms of a confirmed plan. *See, e.g.*, *In re Resorts Int'l, Inc.*, 372 F.3d at 161; *In re Refrigerant Reclamation Corp. of Am.*, 186 B.R. at 80; *In re Holly's, Inc.*, 172 B.R. at 556 ("[I]n determining the limits of its postconfirmation subject matter jurisdiction, this court must first turn to 28 U.S.C. § 1334, not to the terms of the Debtor's confirmed [plan]."). Accordingly, if the bankruptcy court does not have post-confirmation jurisdiction under 28 U.S.C. § 1334, plan provisions purporting to create such jurisdiction are "fundamentally irrelevant." *In re Resorts Int'l, Inc.*, 372 F.3d at 161. This is a logical extension of the general rule that "neither the bankruptcy court nor the parties can write their own jurisdictional ticket." *In re Resorts Int'l, Inc.*, 372 F.3d at 161; *see In re Holly's, Inc.*, 172 B.R. at 555 ("parties to an agreement cannot confer subject matter jurisdiction upon a federal court") (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104 (1982)) (additional citations omitted). Conversely, if jurisdiction exists under the statute, courts may "give effect to retention of jurisdiction provisions" in a confirmed plan. *In re Resorts Int'l, Inc.*, 372 F.3d at 161. While the effect of such provisions would not be to deprive the court of jurisdiction otherwise afforded by 28 U.S.C. § 1334, retention of jurisdiction provisions might condition or limit the court's *exercise* of post-confirmation jurisdiction.

Applying these principles, we conclude that the bankruptcy court had jurisdiction to determine whether the Debtor's Plan and Disclosure Statement preserved the Debtor's right to challenge Encompass's claim in the bankruptcy court without filing a formal objection. It is difficult to imagine a closer nexus to the Debtor's bankruptcy case and the confirmed Plan than this direct request for interpretation and clarification of the Plan's terms. Indeed, even the most restrictive views of post-confirmation jurisdiction acknowledge that the bankruptcy courts retain jurisdiction to interpret and enforce confirmed plans of reorganization. *See, e.g., Bank of La. v. Craig's Stores of Tex., Inc. (In re Craig's Stores of Tex., Inc.*), 266 F.3d 388, 391 (5th Cir. 2001) (adopting a narrow view of post-confirmation jurisdiction but stating that a matter is within the bankruptcy court's post-confirmation jurisdiction if it "bear[s] on the interpretation or execution of the debtor's plan").

The retention of jurisdiction provisions in the Debtor's Plan do not limit the court's exercise of its jurisdiction over the Debtor's request. In concluding to the contrary, the bankruptcy court focused on only one portion of the Plan's retention of jurisdiction provision, i.e., the clause that

retained its jurisdiction to resolve disputes regarding "any and all Claims herein to which any party to these proceedings, including the Debtor objects." However, the Plan also provides that the bankruptcy court shall retain jurisdiction to "hear and determine controversies concerning and to adjudicate interests in the property of or transferred by the Debtor" and to "secure execution of the provisions of this Plan." The relief sought in the Debtor's Motion for Interpretation fits within these categories.

B. The Bankruptcy Court's "Implicit" Ruling on the Merits.

The bankruptcy court reasoned that the Plan limited its post-confirmation jurisdiction to disputes involving claims to which the Debtor had objected. Because the Debtor did not file a formal objection to Encompass's claim, the court found that it had no jurisdiction over the Motion for Interpretation. According to Encompass, the bankruptcy court's conclusion on the jurisdictional issue implicitly construed the Plan and Disclosure Statement as requiring a formal objection to Encompass's claim. Encompass suggests that "[t]he Court below reached the correct result in its Order regardless of whether or not the court misspoke in determining the provisions of the Plan legally limited its jurisdiction." (Brief of Appellee Encompass Services Corporation, at 16.)

However, the bankruptcy court's ruling – whether it misspoke or not – was that it lacked jurisdiction over the Debtor's motion. It would be improper for this Panel to expand the scope of its appellate review beyond this jurisdictional determination to address the bankruptcy court's so-called "implicit" resolution on the merits. *See N.J., Dep't of Envtl. Prot. & Energy v. Long Island Power Auth.*, 30 F.3d 403, 414 (3d Cir. 1994) (the "appeal allows us to consider whether the [trial] court's dismissal of the claim [for lack of jurisdiction] was proper, not to consider the merits of the claim"); *Burlington N. R.R. Co. v. James*, 911 F.2d 1297, 1301-02 (8th Cir. 1990) (limiting the scope of appellate review to the district court's jurisdictional determination and declining to address the court's "implicit" ruling on the merits).

**V. CONCLUSION**

To the extent the Debtor's Motion for Interpretation sought a ruling on the preclusive effect of the Debtor's failure to object to Encompass's claim in the Kentucky state court litigation, the order denying the motion for lack of jurisdiction is affirmed. To the extent the Motion for

Interpretation requested that the bankruptcy court interpret the Plan as preserving the Debtor's right to challenge Encompass's claim in the bankruptcy court, the order denying the motion for lack of jurisdiction is reversed and remanded for a ruling on the merits.