*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 09b0003n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: JACK V. OAKLEY, )<br><br>Debtor. )<br><br>_____ )<br><br>)<br><br>ELIZABETH H. DOUCET, TRUSTEE, *et al.*, )<br><br>Appellees, )<br><br>v. )<br><br>DRYDOCK COAL COMPANY, *et al.*, )<br><br>Appellants. )<br>_____ ) | No. 08-8103 |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division.
No. 03-59297; Adv. No. 05-2289.

Submitted: May 20, 2009

Decided and Filed: June 18, 2009

Before: BOSWELL, HARRIS, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Kenneth C. Johnson, BRICKER & ECKLER, LLP, Columbus, Ohio, for Defendants. Elizabeth H. Doucet, ELIZABETH H. DOUCET & ASSOCIATES, Lake Charles, Louisiana, William B. Logan, Jr., Kenneth M. Richards, LUPER, NEIDENTHAL & LOGAN, Columbus, Ohio, for Plaintiffs. Jack V. Oakley, Nelsonville, Ohio, pro se.

---

**OPINION**

---

G. HARVEY BOSWELL, Bankruptcy Appellate Panel Judge. Following the conclusion of a five day trial in an adversary proceeding before the bankruptcy court, one of the named defendants, Jack Oakley (the "Debtor"), filed a motion to dismiss the adversary proceeding alleging the bankruptcy court did not have jurisdiction over nor did the plaintiffs have standing to pursue the claims asserted therein. The bankruptcy court entered an order denying the Debtor's motion. It is from this order that the Debtor appeals. For the following reasons, we affirm the order of the bankruptcy court.

## I.   ISSUE ON APPEAL

Whether the bankruptcy court erred in denying the Debtor's post-trial motion to dismiss for lack of jurisdiction and standing.

## II.   JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Bankruptcy Appellate Panel for the Sixth Circuit, and no party to this appeal has timely elected to have the appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1).[1] A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). "[A] decision is ordinarily considered final and appealable under § 1291 [and § 158(a)] only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S. Ct. 1712, 1718 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633-34 (1945)); *Wicheff v. Baumgart* (*In re Wicheff*), 215 B.R. 839 (B.A.P. 6th Cir. 1998). Under that standard, the order

---

[1]Although the Debtor's notice of appeal says he appeals the order to the "United States District Court for the Southern District of Ohio," no separate written statement making such an election was filed. Therefore, this appeal is properly pending before the Bankruptcy Appellate Panel for the Sixth Circuit. *See, e.g., In re Snell*, 237 B.R. 636 (B.A.P. 6th Cir. 1999).

denying the Debtor's motion for lack of jurisdiction and standing was not final when it was issued. However, the order became final when the bankruptcy court issued its memorandum opinion and judgment finding in favor of the plaintiffs in the adversary proceeding. *See Thickston Bros. Equip. Co., Inc. v. Encompass Servs. Corp. (In re Thickston Bros. Equip. Co., Inc.)*, 344 B.R. 515, 517 (B.A.P. 6th Cir. 2006) (order denying motion for lack of jurisdiction was final when court was left with nothing to do but execute judgment).

We review jurisdictional determinations *de novo*. *Thickston Bros. Equip. Co.,* 344 B.R. at 517 (citing *Gordon Sel-Way, Inc. v. United States (In re Gordon Sel-Way, Inc.)*, 270 F.3d 280, 284 (6th Cir. 2001)). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007).

### III.   FACTS

On June 20, 2003 (the "Petition Date"), the Debtor and his wife filed a joint voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On May 17, 2004, their case was converted to chapter 7, upon motion of Citizens Bank of Logan ("Citizens"), a creditor of the Debtor. Elizabeth Doucet ("Trustee") was appointed chapter 7 trustee.

As of the Petition Date, the Debtor owned 54% of the shares of Drydock Coal Company ("Drydock"), a business founded in 1940 by the Debtor's family.  The remaining shares of Drydock were owned by the Debtor's four sons and Margaret Galvin, a long-time secretary of Drydock and relative of the Debtor's family through marriage.

A dispute arose between the estate, the creditors, the Debtor and the other shareholders of Drydock over the ownership and transferability of and encumbrances against the Drydock shares. On June 10, 2005, the Trustee and Citizens, a creditor of the Debtor with an alleged perfected security interest in the stock, commenced the adversary proceeding at issue here seeking, *inter alia,* a declaration that the Drydock stock was free of any restrictions and that Citizens held a valid and existing first priority security interest in the stock. The Debtor and other defendants filed  answers and counterclaims seeking an order that the Drydock stock was restricted by virtue of an alleged

agreement restricting the transfer of the stock, that Citizens' security interest in the stock was void and that the defendants had the right to purchase the stock at the price of $400 per share.

The bankruptcy court conducted a five day trial on those issues. Following the conclusion of the trial, but before the bankruptcy court issued a ruling, the Debtor, without the assistance of the counsel who represented him in the adversary proceeding, filed a motion to dismiss the adversary proceeding for lack of jurisdiction and standing. The bankruptcy court denied the motion to dismiss stating that the Trustee had standing to pursue and collect all non-exempt estate assets and to determine the characteristics of property of the estate. With respect to Citizens, the bankruptcy court similarly held Citizens had standing based on its status as a purported secured creditor. As for jurisdiction, the bankruptcy court found this to be a core proceeding over which it has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(K) and § 1334 (a), (b) and (e)(1). This is the only order of the bankruptcy court from which the Debtor has appealed.[2]

## IV.   DISCUSSION

Preliminarily, we dispense with several issues the Debtor attempts to raise which are not properly before us. In his brief, in addition to asking the Panel to dismiss the adversary proceeding, the Debtor asks the Panel to reverse the bankruptcy court's finding of contempt against him, and overturn the bankruptcy court order approving the Trustee's compromise of pre-petition state court breach of contract litigation between the Debtor and Citizens.[3] The Debtor did not timely appeal

[2] The other defendants have appealed from the judgment entered in the adversary proceeding finding the stock to be property of the estate and not subject to a transfer restriction. This appeal is pending before the Bankruptcy Appellate Panel of the Sixth Circuit, Case No. 08-8102.

[3] Prior to the Petition Date, the Debtor had filed suit in state court against Citizens for breach of an alleged oral agreement to lend money for the completion of a golf course. The state court granted summary judgment in favor of Citizens and denied the Debtor's subsequent motion for reconsideration. At the time the Debtor filed his petition for relief, he had pending in the Fourth District Court of Appeals of Ohio an appeal from the state court's denial of his motion for reconsideration. In an effort to avoid future litigation costs, Citizens offered to settle the Debtor's claim with the Trustee. The Trustee sought and obtained an order of the bankruptcy court on February 15, 2005, approving settlement of the claim with Citizens.

Despite the compromise of his state court claims by the Trustee as part of administration of the bankruptcy estate, the Debtor subsequently filed a motion in the state court seeking to continue his litigation against Citizens in state court. The Trustee and Citizens responded by filing a motion with the bankruptcy court seeking an order finding the Debtor in contempt of court, assessing sanctions, and ordering the Debtor to withdraw his motion with the state court. On September 25, 2008, the bankruptcy court found the Debtor in violation of the order approving the compromise of

from the bankruptcy court's September 25, 2008, order finding Debtor in contempt, nor did he appeal from the February 15, 2005, order approving the Trustee's compromise of the pre-petition state court litigation between the Debtor and Citizens. *See* Federal Rule of Bankruptcy Procedure 8002(a). Also not properly before us is the Debtor's argument that the bankruptcy court erred in finding that he pledged Drydock stock to Citizens. The bankruptcy court did not make a finding concerning the pledge of the stock in its order denying the Debtor's motion to dismiss, the only order the Debtor has timely and properly appealed. Because these issues are not properly before us, we will not address them.

The only issue the Debtor raises which is properly before us is whether the bankruptcy court erred in denying the Debtor's motion to dismiss the adversary proceeding. In his motion to dismiss, the Debtor argued that the bankruptcy court lacked jurisdiction over the Trustee and Citizens' claims in the adversary proceeding because, despite promises to the Debtor, the Trustee failed to pursue the Debtor's appeal in state court. Additionally, he asserted that, pursuant to the principle of concurrent jurisdiction, the state court retained jurisdiction over Citizens' attempt to sell his Drydock stock because he first initiated litigation against Citizens in state court for breach of contract, fraud, and duress.

The Debtor also argued in his motion to dismiss that the Trustee and Citizens did not have standing to bring their adversary complaint because a "breach of [the agreement and legend prohibiting transfer] would be between the shareholders and the corporation - not a creditor nor a trustee." (Appellant's App. at 7.) The Debtor summarized his argument as follows:

> [Citizens] cannot be a secured party because it has no security agreement, nor could it have from the stock certificate because it could not be transferred by legend and contract to anyone. By contract [Citizens] has no standing nor could have.

> The Trustee, standing in the shoes of the debtor has only a void transfer by operation of law by contract, but would have an interest in any underlying value such as dividends, or sales, or liquidation approved by the board of Directors.

his pre-petition litigation and entered an order sustaining the motion of the Trustee and Citizens.

Because of the restrictive legend of the <u>stock certificate</u>, neither plaintiffs have standing to bring this action and it should be dismissed.

(Appellant's App. at 9.)

The bankruptcy court denied the Debtor's motion to dismiss for lack of jurisdiction and standing. In so doing it stated:

> The Trustee is statutorily bound to pursue and collect all non-exempt estate assets. 11 U.S.C. § 704(a)(1). The shares are property of the estate, and are subject to administration. 11 U.S.C. § 541(a)(1). Citizens' standing is derived from its status as a purported secured lender with reference to the shares. Jurisdiction is based upon sections, 157(a), 1334(a), (b) and (e)(1) of Title 28. The instant litigation is a core proceeding subject to final disposition by this Court. 28 U.S.C. § 157(b)(2)(K). The alleged transfer restriction does not alter standing and/or jurisdiction, but is only relevant to the ultimate disposition of the value of the shares.

(Appellee's App. at 12-13.)

The Debtor's brief focuses almost entirely on the issues he raises which are not properly before us. He makes no mention of standing and only passing reference to jurisdiction. Ordinarily, we would consider the arguments waived as a result of the failure to make some effort to develop arguments. *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("[I]t is a 'settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)). However, because the Debtor is proceeding *pro se* we will afford him some leniency and address the issues nevertheless. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (*pro se* litigants treated to less stringent standards).

The bankruptcy court had jurisdiction over the adversary proceeding at issue pursuant to 28 U.S.C. §§ 1334 and 157(a) and General Order No. 05-02 of the United States District Court for the Southern District of Ohio entered on October 24, 2005, which refers all bankruptcy cases and related matters to the bankruptcy court. The Debtor's bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a)(1). Therefore, the Debtor's shares of Drydock stock constitute property of the bankruptcy

estate.[4] The matter is a core proceeding because it concerns "matters concerning administration of the estate," 28 U.S.C. § 157(b)(2)(A), "determinations of the validity, extent, or priority of liens," 28 U.S.C. § 157(b)(2)(K), and "other proceedings affecting the liquidation of the assets of the estate . . . ." 28 U.S.C. § 157(b)(2)(O).

The Debtor provides no support for his position that the bankruptcy court lacks jurisdiction. His assertion in his brief that the court lacks jurisdiction because of the legend on the stock is simply nonsensical. Additionally, his argument that the state court retained jurisdiction is without merit. The Trustee's dismissal of the state court suit was approved by the bankruptcy court in the February 15, 2005, order approving the compromise. The Debtor did not appeal this order. The bankruptcy court correctly held that it had jurisdiction over the claims of the Trustee and Citizens in the adversary proceeding.

Because of the debtor's failure to develop arguments on the issue of standing in his brief before us, we will look to the Debtor's argument before the bankruptcy court in addressing the issue of standing. In the bankruptcy court, the debtor argued that the restrictive legend on the stock certificate held by Citizens prevented either party from having standing and that any claim for breach of the agreement prohibiting transfer of the stock was between Drydock and the shareholders, not a creditor such as Citizens or the Trustee. Contrary to his arguments, the legend itself has no effect on the standing of any party, and the claims at issue in the adversary proceeding were not for breach of the agreement, but rather to establish that the stock is property of the Debtor's estate and that Citizens holds a security interest in the stock.

The bankruptcy court correctly held that both the Trustee and Citizens had standing to bring their claims. The Trustee's standing flows from her statutory duty to collect and reduce to money property of the estate. *See* 11 U.S.C. § 704(a)(1). To fulfill this statutory duty, she also has standing

---

**4** On June 20, 2006, the defendants in the adversary proceeding filed a motion with the United States District Court for the Southern District of Ohio to withdraw the reference from the bankruptcy court. In conjunction with denying that motion, the District Court also found that the bankruptcy court had jurisdiction. The District Court stated:

> It is true that the complaint seeks declaratory relief that the Restatement's terms are unenforceable, but fundamentally the case is about who gets property (the shares of Drydock stock) that is part of the Debtor's estate. This issue will be governed by the Bankruptcy Code. The bankruptcy court is certainly capable of resolving the contract issue presented by the complaint.

(Bankr. Ct. Docket # 61.)

to pursue any value the stock may have and seek a determination of the status of Citizens' lien. Citizens claims to hold a security interest in the pledged stock. As a purported secured party, Citizens has standing to seek judicial relief and assert its rights before the bankruptcy court. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S. Ct. 752, 758-59 (1982) (identifying requirements for standing under Article III).

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the order of the bankruptcy court denying the Debtor's motion to dismiss for lack of jurisdiction and lack of standing.